**Richmond**

LORI K. SHULL

v.

COMMONWEALTH OF VIRGINIA

No. 0161-92-2

Decided June 29, 1993

COUNSEL

Thomas P. Cheeley, on brief, for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Lori K. Shull (Shull) challenges the sufficiency of the evidence supporting her conviction for having carnal knowledge of a male child under fifteen years of age (the minor) in violation of Code § 18.2-63. The sole issue on appeal is whether the act of oral sodomy constitutes "carnal knowledge" under Code § 18.2-63.[1] We hold that it does and, accordingly, affirm Shull's conviction.

On June 8, 1991, at approximately 11 p.m., Shull picked up Donnie Lewis (Lewis), age fifteen, and drove him to the minor's grandfather's house, where the minor was staying. Shull was thirty-seven years old and the minor, who had been a neighbor of Shull's and had had a previous "relationship" with Shull, was thirteen.

Shull parked in the driveway of the minor's grandfather's house and waited for the minor to sneak out of the house. Shull and the minor got into the back seat of her car and Lewis sat in the front seat. After a few

---

[1] "Although the act for which [Shull] was convicted is, strictly speaking, fellatio rather than sodomy (Black's Law Dictionary 743, 1563 (4th ed. 1951)), the act is usually referred to as sodomy and we will use that term in this opinion." *Ashby v. Commonwealth*, 208 Va. 443, 444 n.1, 158 S.E.2d 657, 657 n.1 (1968), *cert. denied*, 393 U.S. 1111 (1969).

minutes, Lewis heard "sucking noises." He looked toward the back seat and saw Shull's head in the minor's lap; the minor's pants were unbuttoned.

The minor testified that Shull performed "oral sex" on him but admitted there had been no sexual intercourse. Shull testified that she did not perform oral sodomy on the victim.

At the close of the Commonwealth's case and again at the close of all the evidence, Shull moved to strike the evidence because there was no evidence of sexual intercourse as required by Code § 18.2-63. The trial court, finding that Shull had carnal knowledge of the minor by her mouth, denied Shull's motions to strike.

Code § 18.2-63 provides that "[i]f any person carnally know, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony." Shull contends that performing oral sodomy on a thirteen year old child does not fall within the proscription of the statute. Specifically, she contends that "carnal knowledge" of a thirteen year old child does not include oral sodomy.

■ Our resolution of this issue turns upon the construction of the term "carnal knowledge," as used in Code § 18.2-63. Code § 18.2-63 does not define the term "carnal knowledge." Therefore, in construing the statute, we are guided by principles of statutory construction. "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction." *Branch v. Commonwealth*, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "Although penal laws are to be construed strictly, they 'ought not to be construed so strictly as to defeat the obvious intention of the legislature.' " *Willis v. Commonwealth*, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (quoting *Huddleston v. United States*, 415 U.S. 814, 831 (1974)). Nor should a statute be construed so that it leads to absurd results. *Branch*, 14 Va. App. at 839, 419 S.E.2d at 424.

■ Oral sodomy involving a thirteen year old falls squarely within the plain, obvious, and rational meaning of the statute. The word "carnal" means "[p]ertaining to the body"; "carnal knowledge" refers to "coitus, copulation; [or] the act of having *sexual bodily connections.*" *Black's Law Dictionary* 213 (6th ed. 1990) (emphasis added). Based on this definition, the plain meaning of "carnal knowledge" is any sexual bodily connection, not simply sexual intercourse. Thus, "carnal

knowledge," as that term is used in Code § 18.2-63, is not restricted to sexual intercourse.

■ We have recognized that "[w]here possible, a statute should be construed with a view toward harmonizing it with other statutes." *Branch*, 14 Va. App. at 839, 419 S.E.2d at 425. Accordingly, when other Code sections employ the same phraseology, they may be consulted in construing the meaning of a particular statute. *Id.* Code § 18.2-361, concerning crimes against nature, specifically proscribes carnal knowledge "by or with the mouth."[2] Based upon this provision, the term "carnal knowledge" includes oral sodomy. *See Ryan v. Commonwealth*, 219 Va. 439, 445, 247 S.E.2d 698, 702 (1978); *Ashby*, 208 Va. at 444, 158 S.E.2d at 658.

■ To construe Code § 18.2-63 to prohibit only sexual intercourse with children would lead to an absurd result not intended by the legislature. This provision was enacted to prevent sexual offenses against and sexual exploitation of children. Sexual exploitation of children is not limited to the act of sexual intercourse. For this reason, Shull's construction of the statute, limiting "carnal knowledge" to sexual intercourse, unreasonably narrows the phrase "carnal knowledge" and defeats the legislative intent behind the statute.

Contending that the legislature could not have intended Code § 18.2-63 to proscribe oral sodomy, Shull draws a comparison between the classification of the offense in Code § 18.2-63 (Class 4 felony) and Code § 18.2-361 (Class 6 felony). Shull asserts that "by providing distinguishable punishments in the two statutes . . . the legislature intended . . . to prohibit [different] sexual activities." We find no basis for Shull's construction. In providing distinguishable punishments in these provisions, the legislature intended to prohibit the same activities, but to distinguish between different age groups in determining punishment. Code § 18.2-63, unlike Code § 18.2-361, proscribes

---

[2] This provision reads, in part:

§ **18.2-361. Crimes against nature.** — If any person shall carnally know in any manner any brute animal, or carnally know any male or female person by the anus or by or with the mouth, or voluntarily submit to such carnal knowledge, he or she shall be guilty of a Class 6 felony; provided that if a parent commits such an act with his or her child, and such child is at least thirteen but less than fifteen years of age at the time of the offense, such parent shall be guilty of a Class 3 felony.

"carnal knowledge" of a child.[3] In setting a more severe punishment in Code § 18.2-63, the legislature intended to punish more severely the same act when it was committed against a child.

█ When the sufficiency of the evidence is challenged on appeal, we must view the evidence and any reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Viewed in this light, the evidence showed that "[Shull's] mouth came in contact with [the minor's] penis." The trial court concluded from the evidence that Shull had oral sodomy with the minor. Therefore, the trial court's conclusion that Shull had carnal knowledge of the minor by the mouth in violation of Code § 18.2-63 was supported by the evidence and was not plainly wrong. *See id.*

*Affirmed.*

Elder, J., and Fitzpatrick, J., concurred.

---

[3] Code § 18.2-361 elevates the offense to a Class 3 felony when committed by a parent against his or her child. This distinction further supports our conclusion that the legislature has demonstrated its intent to punish more severely the same sexual offenses when committed against children. Here, the legislature has assessed a higher penalty when the offense is committed by a *parent*.