## Salem

COMMONWEALTH OF VIRGINIA

v.

JEWELL WAYNE MEADOWS

No. 1586-92-3

Decided February 1, 1994

COUNSEL

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellant.

Michael G. Turner, for appellee.

Opinion

**WILLIS, J.**—The Commonwealth contends that the trial court erred in issuing Jewell Wayne Meadows a restricted motor vehicle operator's license under Code § 46.2-360(2) without requiring the completion of a VASAP program. We reverse the decision of the trial court and remand this case for further proceedings.

Meadows was convicted of driving under the influence of alcohol on June 29, 1984, May 13, 1985, and September 15, 1987. On March 18, 1988, the Circuit Court of the City of Martinsville adjudicated him an habitual offender. On July 2, 1992, Meadows petitioned the trial court pursuant to Code § 46.2-360(2) for a restricted driver's license permitting him to drive to, from, and during work. On July 17, 1992, the trial court ordered the issuance of the restricted license. Over the Commonwealth's objection, the trial court refused to condition the issuance of the restricted license upon enrollment in, and successful completion of, a certified VASAP program.

Code § 46.2-360 provides in pertinent part:

Any person who has been found to be an habitual offender . . ., may petition the court . . . :

2. For a restricted permit to authorize such person to drive a motor vehicle in the Commonwealth in the course of his employment and to drive a motor vehicle to and from his home to the place of his employment after the expiration of three years from the date of the adjudication. The court may order that a restricted license for such purposes be issued in accordance with the procedures of subsection E of § 18.2-271.1 . . . .

Code § 18.2-271.1(E) provides in pertinent part:

[W]henever a person enters a certified program pursuant to this section, . . . the court may, in its discretion and for good cause shown, provide that such person be issued a restricted permit to operate a motor vehicle for [enumerated purposes] . . . . Such restricted license shall be conditioned upon enrollment within fifteen days in, and successful completion of, a program as described in subsection A of this section

. . . .

Where the language of a statute is clear and unambiguous, we are bound by that plain statement of legislative intent. *See Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

■ The second sentence of Code § 46.2-360(2), quoted above, sets forth the authority of the court to order the issuance of a restricted license and limits that authority to issuance "in accordance with the procedures of subsection E of § 18.2-271.1."

■ The second sentence quoted above from Code § 18.2-271.1(E) expressly requires that a restricted license be conditioned upon enrollment in, and successful completion of, a VASAP program.

Meadows argues that because he had previously completed a VASAP program, a new VASAP referral would serve no effective purpose. The VASAP program is not necessarily a one-time experience. Code § 18.2-271.1(A) contemplates subsequent referrals. The program provides continuing and progressive education, supervision, and rehabilitation, the public benefits of which are self-evident.

The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

Moon, C.J., and Coleman, J., concurred.