COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Senior Judge Cole
Argued by teleconference


DENNIS VERNON WHITE
                                            OPINION BY
v.        Record No. 0656-97-3      JUDGE SAM W. COLEMAN III
                                         JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF GILES COUNTY
                        Colin R. Gibb, Judge

          Charles R. Beller, III (Beller & Spence,
          P.C., on brief), for appellant.

          Richard B. Smith, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Code § 19.2-294.1 provides that "[w]henever any person is

charged with [driving under the influence of alcohol] . . . and

reckless driving growing out of the same act or acts and is

convicted of one of these charges, the court shall dismiss the

remaining charge."  Dennis Vernon White was convicted in the

circuit court, following a de novo appeal, of driving while under

the influence of alcohol (DUI) in violation of Code § 18.2-266.

White had previously pled guilty in the general district court to

a speeding charge in violation of Code § 46.2-870 and Narrows

Town Ordinance § 155-3 for driving at a speed of sixty miles per

hour in a forty miles per hour zone.  The speeding charge arose

from the same course of driving that gave rise to the DUI

conviction.

     On appeal, White asserts that the DUI prosecution and

conviction were barred by the speeding conviction because, under Code § 46.2-862, the speeding conviction constituted a conviction for reckless driving. Code § 46.2-862 provides that "a person shall be guilty of reckless driving who drives a motor vehicle . . . (iii) at a speed of twenty miles per hour or more in excess of . . . the applicable maximum speed limit[] [of] forty miles per hour or more." Thus, White contends, the provisions of Code § 19.2-294.1 required the circuit court to dismiss the DUI charge because he had already pled guilty and been convicted of an offense that is by statute deemed reckless driving. We disagree and affirm the DUI conviction.

"Where the language of a statute is clear and unambiguous, we are bound by the plain statement of legislative intent." Commonwealth v. Meadows, 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994); see also Long v. Commonwealth, 7 Va. App. 503, 506, 375 S.E.2d 368, 369 (1988) ("If the language of a statute is plain and unambiguous . . . , effect must be given to it regardless of what courts think of its wisdom or policy."). We must "take the words as written" in Code § 19.2-294.1 and give them their plain meaning. Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 277, 381 S.E.2d 24, 26 (1989).

Under the plain and unambiguous terms of Code § 19.2-294.1, one may not be "charged" and "convicted" of both DUI and "reckless driving." A conviction of either DUI or reckless driving, whether in simultaneous or successive prosecutions,

- 2 -

requires dismissal of the other charge if the other charge arose from the same act or acts.  Cf. Hall v. Commonwealth, 14 Va. App. 892, 900, 421 S.E.2d 455, 461 (1992) (en banc) (holding that Virginia's double jeopardy statute, Code § 19.2-294, prohibits multiple convictions for separate offenses arising out of same act, except where convictions obtained in single prosecution).  However, reckless driving and speeding are separate and distinct offenses.

Reckless driving is chargeable and punishable under the provisions of Article 7 in the Motor Vehicle Code chapter on the regulation of traffic.  Reckless driving is a Class 1 misdemeanor, Code § 46.2-868, carrying with it the potential for a twelve month jail sentence and a fine of not more than $2,500.  See Code § 18.2-1(a).  Speeding, on the other hand, is chargeable and punishable under the provisions of Article 8 of the same chapter and is a traffic infraction punishable merely by a fine. See Rule 3B:2.[1]  Nothing in the language of Code § 19.2-294.1 precludes the Commonwealth or a locality from convicting a person for both DUI and "speeding."  If the legislature had intended to foreclose a person from being convicted for both DUI and another offense that might also constitute reckless driving, as argued by appellant, it could

---

[1]A conviction for reckless driving based on speeding also carries with it the additional sanction that the trial judge may suspend an operator's license for a period of not more than six months.  Code § 46.2-393.

have expressed that intent in the language of Code § 19.2-294.1. Under the express provisions of Code § 19.2-294.1, only a "<u>conviction</u>" for reckless driving bars a prosecution for DUI; a conviction for speeding, even if premised on an underlying act that may have warranted a conviction for reckless driving, does not implicate the bar of the statute.

Under appellant's proposed construction of the statute, a person who drives between one and nineteen miles per hour over the speed limit while intoxicated could be convicted of both speeding and DUI, whereas the same intoxicated person driving twenty miles per hour over the speed limit could only be convicted of either reckless driving or DUI. Appellant would have us construe Code § 19.2-294.1 in a way that would enable the intoxicated driver who minimally exceeded the posted speed limit to be punished more severely than the intoxicated driver who drove at a more excessive rate of speed. We decline to construe the statute in a way which would lead to such an anomalous result. <u>See</u> <u>Shull v. Commonwealth</u>, 16 Va. App. 667, 670, 431 S.E.2d 924, 925 (1993) ("A statute should not be construed so that it leads to absurd results."). We hold that the provisions of Code § 19.2-294.1 do not bar the Commonwealth from convicting a person for DUI after the person was convicted of speeding, even where the charges arose out of the same course of driving and the act of speeding could have given rise to a charge and conviction for reckless driving under Code § 46.2-862.

In the present case, appellant was charged and convicted for "speeding" under a town ordinance incorporating Code § 46.2-870. He was not "convicted" of reckless driving. Cf. Harris v. City of Virginia Beach, 19 Va. App. 214, 217, 450 S.E.2d 401, 403 (1994) (defendant was charged and convicted of driving under the influence and "reckless driving"). Although the Commonwealth could have prosecuted appellant for reckless driving under Article 7 provisions for that offense, it chose instead to prosecute him on the offense of speeding under Article 8. See Spickard v. City of Lynchburg, 174 Va. 502, 505, 6 S.E.2d 610, 611 (1940) ("The same facts may constitute two or more distinct offenses, different in kind as well as in degree."); see also Kaufmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989) ("It is well established that the choice of offenses for which a criminal defendant will be charged is within the discretion of the [prosecutor]."). Accordingly, the Commonwealth was not precluded from convicting appellant for both DUI and speeding for driving sixty miles per hour in a forty miles per hour zone. We affirm the DUI conviction.

Affirmed.