COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


LEAH BENDELE, AN INFANT, BY HER
 NEXT FRIENDS AND PARENTS,
 BRUCE AND BARBARA BENDELE
                                            OPINION BY
v.    Record No. 1219-98-4      JUDGE RUDOLPH BUMGARDNER, III
                                          MARCH 30, 1999
COMMONWEALTH OF VIRGINIA, DEPARTMENT
 OF MEDICAL ASSISTANCE SERVICES


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   James W. Haley, Jr., Judge

        Daniel B. Streich for appellant.

        Brian M. McCormick, Special Counsel (Mark L.
        Earley, Attorney General; Ashley L. Taylor,
        Jr., Deputy Attorney General; Siran S.
        Faulders, Senior Assistant Attorney General,
        on brief), for appellee.


     Leah Bendele appealed to the circuit court an adverse

ruling by the Department of Medical Assistance Services.  The

circuit court dismissed the appeal because Bendele did not give

the agency sufficient notice of her filing of the petition for

appeal.  Bendele argues that the trial court erred when it held

that mailing a copy of the petition for appeal to the agency did

not satisfy the notice requirements of the Administrative

Process Act.  Concluding that the trial court did not err, we

affirm the dismissal.

The Department of Medical Assistance Services administers the state Medicaid program.  When it denied services to Bendele, she gave notice of appeal to the agency and filed a petition for appeal in the circuit court.  On the same day, she mailed a copy of the petition by certified mail return receipt requested to the agency.  The agency received it timely.  Bendele did not request that the clerk issue process and did not request service of process.  Bendele concedes that she did not comply with the provisions of Rule 2A:4.[1]  However, she asserts that Code § 8.01-288[2] cures that defect because the agency received a copy of the petition within the time required.

_____

[1]     Rule 2A:4.  Petition for Appeal.
(a)  Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.
(b)  The petition for appeal shall designate the regulation or case decision appealed from, specify the errors assigned, state the reasons why the regulation or case decision is deemed to be unlawful and conclude with a specific statement of the relief requested.

[2]     § 8.01-288.  Process received in time good though neither served nor accepted.--Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has

The Administrative Process Act does not prescribe the procedure for perfecting an appeal from the agency to the circuit court. Code § 9-6:14:16 authorizes the Supreme Court to establish these by rule, and they are contained in Part Two A, Appeals Pursuant to the Administrative Process Act. Rule 2A:2 provides that a party shall file a notice of appeal with the agency secretary. Rule 2A:4 provides that within 30 days of filing the notice, the party shall file a petition for appeal with the clerk of the circuit court. The filing of the petition shall include all the steps established in Rules 2:2 and 2:3 (the procedures for initiating an equity bill of complaint and having the clerk issue a subpoena in chancery). Rule 2A:4 states that the purpose of the procedure is to cause a copy of the petition to be served on the agency secretary.

Code § 8.01-288 cures defective service when process actually reaches the necessary person within the prescribed time limit. This cure extends to actions unless the particular statute specifically provides it will not apply.

> In our opinion, the emphasized language of Code § 8.01-288 evidences a legislative intent to exclude services of process from its saving provision only in certain limited instances. Such an intent is clearly established with respect to suits for

> reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

> divorce and annulment, which are expressly excluded from the statute's saving provision.  Code § 8.01-288.  In other instances, the General Assembly has included the following sentence in statutes creating actions:  "The provisions of § 8.01-288 shall not be applicable to the service of process required in this subsection," or like language.  See Code § 38.2-2206(E) and (F) (uninsured motorist actions); Code § 54.1-1120(1)  (Contractor Transaction Recovery Fund claims); Code § 54.1-2114(A)(1) (Real Estate Transaction Recovery Fund claims).

Frey v. Jefferson Homebuilders, Inc., 251 Va. 375, 379-80, 467 S.E.2d 788, 790 (1996).

In Broomfield v. Jackson, 18 Va. App. 854, 858, 447 S.E.2d 880, 882 (1994), this Court held:

> When the legislature has deemed it prudent to do so, it has made specific reference in the APA to selected provisions of Title 8.01.  See, e.g., Code § 9-6.14:5. From our review of the legislative policy statement in the APA, see Code § 9-6.14:3, we discern no legislative intent to supplement the provisions of an agency's basic laws and the APA with the general laws of the Commonwealth.  See also Code § 9-6.14:4(C). The legislative policy statement is consistent with "[t]he general rule in other jurisdictions . . . that rules of civil procedure do not apply to administrative proceedings unless the rules specifically so provide."  State Oil and Gas Bd. v. McGowan, 542 So.2d 244, 247 (Miss. 1989).

We need not decide if Bloomfield is distinguishable from this case because the appellant's actions did not bring her within the provisions of Code § 8.01-288.  Bendele mailed a copy

of the petition for appeal that she had filed to the agency. That was not process. Process in this case would have been a subpoena in chancery, which the clerk would have attached to a copy of the filing. Process is an official notice informing the recipient of a pending action filed and advising when a response is required.

"Process to commence an action is normally an order (summons) to a court official (sheriff) to notify (summon) a defendant to answer the plaintiff's complaint at a time and place mentioned in the order." Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 7.1, at 333 (3d ed. 1998). When following the equity procedures incorporated by Rule 2A:4, process would be the subpoena in chancery. See id. The clerk of the issuing court would attach process, the subpoena in chancery, to a copy of the bill of complaint and direct it to the sheriff of the bailiwick for service. See id. § 7.3, at 335. Under Rule 2A:4, the clerk would attach the subpoena in chancery to a copy of the petition for appeal and direct it to the sheriff for service.

The formality of process serves a legitimate purpose. Process is official notice which informs the opposing party of the litigation and instructs the party when and where it must respond. Without this official notice, the recipient knows neither if the action was filed nor when it was filed. The

party would not know when critical time limits expire. Without process a party would need to resort to other means to obtain essential information. The practical solution is to telephone the clerk of court to ask if and when the action was filed. However, a party relies on the informal information received over the telephone at its own risk. If the information is incorrect, it acted at its own peril. "But one who takes the shortcut of asking the clerk's employees to examine the record for him relies on the response at his peril." School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 322 (1989).

Cases that have applied Code § 8.01-288 involved process received by means other than service. In Frey, 251 Va. 375, 467 S.E.2d 788, process was issued by the clerk and delivered to the defendant's registered agent. In Davis v. American Interinsurance Exch., 228 Va. 1, 319 S.E.2d 723 (1984), copies of the notice of motion for judgment, which did indicate the return date, were only mailed but were received.

Parker v. Prince William Cty., 198 Va. 231, 93 S.E.2d 136 (1956), dealt with a notice of disallowance rather than process. The Supreme Court indicated that the saving provisions of Code § 8-53 (now Code § 8.01-288) applied when notice was actually received though not served. See id. at 234, 93 S.E.2d at 138. The case did not deal with process because the statute

prescribed the form requirements for giving notice of actions taken by the Board of Supervisors. Code § 8.01-285(1) defines "process" for purposes of interpreting the chapter concerning process within Title 8.01 of the Code. The term "shall be deemed to include notice." However, if process includes notice, it does not follow that any notice must constitute process. If a procedure requires that a party receive process, informal notice will not necessarily meet the requirement for process.

We conclude that the saving provisions of Code § 8.01-288 do not apply when the party mails a simple copy of the document to the opposing party rather than follow the requirements of Rule 2A:4. Because Code § 8.01-288 does not apply and because the appellant concedes that she did not comply with Rule 2A:4, the circuit court did not have jurisdiction to hear this administrative appeal. See Mayo v. Dep't of Commerce, 4 Va. App. 520, 358 S.E.2d 759 (1987). We affirm the dismissal by the trial court of the appeal.

Affirmed.