COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


KEITH KESSLER
                                          OPINION BY
v.    Record No. 2397-98-4        JUDGE CHARLES H. DUFF
                                       DECEMBER 7, 1999
DENNIS SMITH, DIRECTOR,
 DEPARTMENT OF MEDICAL
 ASSISTANCE SERVICES


        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                Herman A. Whisenant, Jr., Judge

        Lewis E. Gelobter (Emily J. Kaufmann; Legal
        Services of Northern Virginia, Inc., Public
        Benefits Unit, on brief), for appellant.

        Brian M. McCormick, Special Counsel for the
        Department of Medical Assistance Services
        (Mark L. Earley, Attorney General; Ashley L.
        Taylor, Jr., Deputy Attorney General;
        Siran S. Faulders, Senior Assistant Attorney
        General, on brief), for appellee.


     Keith Kessler (appellant) appeals the trial court's

decision dismissing his appeal of a decision of a hearing

officer for the Department of Medical Assistance Services

("DMAS").  Appellant contends the trial court erred in finding

that the appeal was not properly filed.  We agree with

appellant, and we reverse and remand.

                            FACTS

     Appellant filed an appeal with DMAS concerning services he

receives from that agency.  On May 5, 1998, the hearing officer

issued a decision, and on May 26, 1998, appellant filed a notice of appeal of that decision in the trial court. On June 25, 1998, appellant filed a petition for appeal. DMAS concedes the notice of appeal and the petition for appeal were timely filed. Also, on June 25, 1998, appellant's counsel faxed and mailed a copy of the petition for appeal to the director of DMAS (the "Director"), the named respondent in the appeal.

On July 1, 1998, the trial court entered an order granting appellant permission to proceed in forma pauperis, thereby waiving the requirements that appellant pay the fees for filing the action and for service upon the Director. The Director filed a motion to dismiss on July 15, 1998, contending appellant's petition for appeal failed to conform to Rule 2A:4 because the petition was not served on the Director as mandated by that rule. The Director contended that mailing the petition to him was insufficient to perfect service in accordance with the rules.

On August 21, 1998, the clerk of the circuit court issued a subpoena in chancery for the Director. On August 28, 1998, the trial court held a hearing on the Director's motion to dismiss. The trial court dismissed the case "for failure to perfect the appeal by a timely request for service on the Director as required by Rule 2A:4(a)." An executed proof of service form dated September 1, 1998 is in the record and is stamped as filed

- 2 -

in the trial court's record on September 9, 1998.  The form
indicates that the Director was served with the subpoena in
chancery and a copy of the petition on September 1, 1998.

ANALYSIS

Rule 2A:4(a) provides:

> Within 30 days after the filing of the
> notice of appeal, the appellant shall file
> his petition for appeal with the clerk of
> the circuit court named in the first notice
> of appeal to be filed.  Such filing shall
> include all steps provided in Rules 2:2 and
> 2:3 to cause a copy of the petition to be
> served (as in the case of a bill of
> complaint in equity) on the agency secretary
> and on every other party.

Thus, Rule 2A:4 required appellant to follow the steps
provided in Rules 2:2 and 2:3 in order to have the petition
served on the Director.

Rule 2:2 provides:

> A suit in equity shall be commenced by
> filing a bill of complaint in the clerk's
> office.  The suit is then instituted and
> pending as to all parties defendant thereto.
> The statutory writ tax and clerk's fees
> shall be paid before the subpoena in
> chancery is issued.
> The bill shall be captioned with the
> name of the court and the full style of the
> suit.  The requirements of Code § 8.01-290
> may be met by giving the address or other
> data after the name of each defendant.
> It shall be sufficient for the prayer
> of the bill to ask for the specific relief
> sought, and to call for answer under oath if
> desired.  Without more it will be understood
> that all the defendants mentioned in the
> caption are made parties defendant and
> required to answer the bill of complaint;

- 3 -

> that proper process against them is
> requested; that answers under oath are
> waived, except when required by law; that
> all proper references, inquiries, accounts
> and decrees are sought; and that such other
> and further and general relief as the nature
> of the case may require and to equity may
> seem meet is prayed for and may be granted.
> No formal conclusion is necessary.

Appellant timely filed the petition for appeal as required by Rule 2A:4(a). The petition contained a certificate of service indicating the name and address of the Director and his attorney. Relying on the language in the second sentence of the last paragraph of Rule 2:2, "[w]ithout more it will be understood that all the defendants mentioned in the caption are made parties defendant and . . . that proper process against them is requested," appellant contends that nothing more was required of him in order to fulfill the requirements of the rules and to perfect service on the Director. Appellant argues that once the trial court entered the order granting him in forma pauperis relief, the clerk of the circuit court should have completed the necessary paperwork and forwarded the documents to the sheriff for service.

However, the Director contends that, in accordance with Rules 2:2 and 2:3, an appellant was required to request that the clerk's office perfect service of the petition and to pay the service fee. The Director asserts that, even though appellant was proceeding in forma pauperis, he was nevertheless required

to request service of process from the trial court clerk's office, which appellant did not do until one month after the trial court entered the July 1, 1998 in forma pauperis order and after the Director filed the motion to dismiss.

Furthermore, the Director interprets Rule 2A:4(a) as requiring compliance with Rules 2:2 and 2:3 within the thirty-day time limit for filing a petition for appeal. In other words, the Director contends that in order to have perfected service of the petition on him, within thirty days of filing the notice of appeal, appellant had to have requested the clerk's office to perfect service on the Director. Moreover, the Director argues that the phrase in Rule 2:2 "[w]ithout more it will be understood . . . that proper service against them is requested" means that, once service is requested, it is requested against all of the named defendants. The Director contends that the phrase does not mean that the clerk's office will automatically issue process when a bill of complaint or petition for appeal is filed.

We agree with appellant's interpretation of Rule 2:2.

"Where the language of a [rule] is clear and unambiguous, we are bound by the plain statement of legislative intent." Commonwealth v. Meadows, 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994). "We must 'take the words as written . . . .'"

<u>White v. Commonwealth</u>, 26 Va. App. 410, 412, 494 S.E.2d 896, 897 (1998) (citation omitted).

There are no ambiguities in the language of Rule 2:2. Rule 2:2 clearly states that once the bill of complaint is filed in the clerk's office, the suit is then brought into existence and is continuing as to all named defendants. The rule further states: "<u>Without more it will be understood</u> that all the defendants mentioned in the caption are made parties defendant and required to answer the bill of complaint; <u>that proper process against them is requested</u> . . . ." (Emphasis added.) Thus, the rule clearly provides that once the bill of complaint is filed, proper process "is requested" against the named defendants. The rule does not require that a party, after filing the bill of complaint, make a separate request for service of process. Indeed, the rule specifically states that nothing more than the filing of a bill of complaint is required in order to request service of process. Therefore, appellant complied with Rules 2:2 and 2A:4. Accordingly, the trial court erred in dismissing appellant's appeal.

Furthermore, the trial court's clerk's office issued the subpoena in chancery on August 21, 1998. "The process of the courts in equity suits shall be a subpoena in chancery . . . ." Rule 2:4. The record contains an executed proof of service form indicating that the Director was served with the subpoena in

chancery and a copy of the bill of complaint on September 1, 1998. Rule 2:4 provides, in pertinent part, that "[n]o decree shall be entered against a defendant who was served with process more than one year after the institution of the suit against him . . . ." Because the suit was instituted on June 25, 1998, the Director was clearly served less than one year after the suit was instituted. Thus, the Director was properly served in accordance with the rules, although service was perfected after the trial court dismissed the case.

This case is distinguishable from Bendele v. Commonwealth, 29 Va. App. 395, 512 S.E.2d 827 (1999). The sole issue presented in Bendele was whether "the trial court erred when it held that mailing a copy of the petition for appeal to the agency . . . satisf[ied] the notice requirements of the Administrative Process Act." Id. at 396, 512 S.E.2d at 828. In deciding that question we held as follows:

> We conclude that the saving provisions
> of Code § 8.01-288 do not apply when the
> party mails a simple copy of the document to
> the opposing party rather than follow the
> requirements of Rule 2A:4. Because Code
> § 8.01-288 does not apply and because the
> appellant concedes that she did not comply
> with Rule 2A:4, the circuit court did not
> have jurisdiction to hear this
> administrative appeal.

Id. at 400, 512 S.E.2d at 829-30. Thus, we decide today an issue not resolved by Bendele.

- 7 -

Because the trial court erred in dismissing appellant's appeal, we reverse the decision and remand the case to the circuit court for proceedings consistent with this opinion.

<u>Reversed and remanded.</u>