# CIRCUIT COURT OF FAIRFAX COUNTY

Atlee Smith, Sr.

v.

Clarence Carter,
Commissioner,
Virginia Department
of Social Services

Case No. (Law) 174465

BY JUDGE JONATHAN C. THACHER

December 13, 1999

This case came before the Court on the motion of Clarence Carter, Commissioner of the Virginia Department of Social Services ("Commissioner") to dismiss Petitioner Smith's appeal of the decision of the Commissioner upholding a determination of "Founded — Inadequate Supervision Level One" for lack of jurisdiction.

After careful review of the argument and briefs filed by counsel, this Court finds that the Court lacks jurisdiction over this appeal for failure of Petitioner to meet the service of process requirements of the Virginia Rules of Supreme Court, Rule 2A:4.

Rule 2A:4 requires that appellant file his appeal with the clerk of the Circuit Court within thirty days of the filing of the notice of appeal and further requires such filing to "include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served on the agency secretary ... ." Counsel for Petitioner argues that the Virginia Administrative Process Act, Article 4, § 9-6.14:15 unequivocally bestows subject matter jurisdiction on this Court.

Section 9-6.14:16 gives any party aggrieved by a decision "a right to the direct review thereof by an appropriate and timely court action against the agency … in the manner provided by the rules of the Supreme Court of Virginia." Clearly, an action not in compliance with the Rules of the Supreme Court of Virginia is not actionable under the Virginia Administrative Process Act.

The Court finds *Bendele v. Commonwealth*, 29 Va. App. 395 (1999), controlling on the issue of jurisdiction in this case. In *Bendele*, the trial court found that mailing a copy of the petition for appeal did not satisfy the notice requirements of the Administrative Process Act. The agency received it timely.

> Bendele mailed a copy of the petition for appeal that she had filed to the agency. That was not process. Process in this case would have been a subpoena in chancery, which the clerk would have attached to a copy of the filing. Process is an official note informing the recipient of a pending action filed and advising when a response is required.

*Id*. at 398.

The Court of Appeals affirmed the trial court in *Bendele*. Although an answer was filed in the present case, this does not differ from acknowledgment that the agency received timely notice of appeal in *Bendele*. Both are evidence that the agency received notice, but not in accordance with Rule 2A:4 that service be made on the Commissioner of the agency.

In *Mayo v. Commonwealth*, 4 Va. App. 520 (1987), the Court of Appeals held that the rationale for dismissing appeals at the appellate court level for failure to comply with time requirements was equally applicable to appeals to circuit courts from administrative agency decisions. "The orderly administration of justice requires that certain rules must be obeyed, however technical they may seem to be. This is particularly true of important time limits." *Mayo* at 523.

The Commissioner's Motion to Dismiss Petitioner's appeal is granted. This Court has no jurisdiction to consider the merits of Petitioner's appeal of the agency decision.

## January 11, 2000

This case came before the Court on the motion of Clarence Carter, Commissioner of the Virginia Department of Social Services, to dismiss Petitioner Smith's appeal of the decision of the Commissioner upholding a determination of "Founded — Inadequate Supervision Level One" for lack of jurisdiction. The appeal was dismissed on December 13, 1999, and counsel

for Petitioner filed a Motion for Reconsideration. On January 4, 2000 (January 3, 2000, was a holiday), this Court entered a suspending order to review a recently-decided case from the Virginia Court of Appeals, *Kessler v. Smith*, 31 Va. App. 139 (1999). Based on that case, the motion for reconsideration is granted, and Petitioner's appeal will be considered.

The dismissal of December 13, 1999, was based on lack of timely service of process on the Respondent Commissioner of Social Services. The notice of appeal was filed with the Court on September 10, 1998. Although the Commissioner admitted receiving notice of the appeal, sent by counsel for Petitioner by Federal Express on September 3, 1998, service was not perfected until April 28, 1999. In ruling to dismiss the Petitioner's appeal, this Court relied on *Bendele v. Commonwealth*, 29 Va. App. 395 (1999), in which the Court held that mailing a copy of the petition for appeal to the agency did not satisfy the notice requirements of the Administrative Process Act and that Rule 2A:4 required service of process on the agency.

In *Kessler*, the trial court dismissed the case against the Director of the Department of Medical Assistance Services for lack of service. In that case, the Director also had actual notice of the appeal. As in this case, in *Kessler*, the notice of appeal and petition for appeal were filed timely. On the same date as the petition for appeal was filed, counsel for Appellant mailed and faxed a copy of the petition for appeal to the Director. In *Kessler*, service on the Director was made after the trial court dismissed the case but within one year of the petition for appeal. The Court of Appeals held that the service was timely, as it was perfected within one year of institution of the suit in accordance with Rule 2:4. Based on *Kessler*, this Court finds that there is jurisdiction to hear the appeal and proceeds to the merits of that appeal.

After careful review of the argument and briefs filed by counsel, this Court finds that the agency failed to have substantial evidential support for findings of fact pursuant to Va. Code § 9-6.14:17. The Court agrees with Petitioner that the Agency's decision to charge him and not his wife was arbitrary and capricious and contrary to the facts in this case.

The sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision. The reviewing court may reject the agency's findings of fact only if, considering the evidence as a whole, a reasonable mind would necessarily come to a different conclusion. *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988); *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269 (1983). Va. Code § 9-6.14:17 further provides that in the context of factual issues, the reviewing court shall take due account of the presumption of official regularity, the

experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted. *Johnston-Willis* at 243.

In this case, Petitioner admitted that he had knowledge that his wife had to go to work but was unaware of the time. He saw his wife come out of the house and attempt to speak with him and alleges he then lowered the sound of the lawn mower but did not turn it off. She went back into the house and left to go to work. Mrs. Smith told Diane Hurtado, LCSW, consultant to Appellant-Petitioner, that she left the home knowing that A.J. and Stephanie were alone and that Appellant was in the back yard and did not know that Mrs. Smith had left. She also said that she did not pay much attention to see if her husband knew she was leaving. (The Commissioner's Decision on Appeal, p. 4.) There is no dispute in the evidence that either of them communicated fully with the other or that the care of the children transferred from the wife to Petitioner. Based on this evidence, the agency had no basis for a "Founded — Inadequate Supervision — Level One" against the Petitioner since he never knowingly assumed supervision of the children from his wife. He stated that once he realized his wife's car was gone, he immediately went into the house and observed his son running up the stairs. The abuse had already occurred. The agency chose to charge the Petitioner, and this Court finds that decision to be at odds with the facts in this case. A reasonable mind would necessarily come to a different conclusion and find that in fact the wife of Petitioner failed to turn over supervision of the children.

In light of this Court's decision to uphold the appeal of the Petitioner and reverse the Agency's finding, it is unnecessary to reach the Petitioner's appeal of the Commissioner's decision to deny the Petitioner's Motion in Limine.