COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank


EDWARD H. BENDER

MEMORANDUM OPINION[*] BY

v.    Record No. 1145-99-1          JUDGE ROBERT P. FRANK
                                    JANUARY 27, 2000

THE VIRGINIA MARINE RESOURCES COMMISSION


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Glen A. Tyler, Judge

(Edward H. Bender, pro se, on briefs).
Appellant submitting on briefs.

(Mark L. Earley, Attorney General; Roger L.
Chaffe, Senior Assistant Attorney General, on
brief), for appellee.  Appellee submitting on
brief.


Edward H. Bender (appellant) appeals the ruling of the

Circuit Court of Northampton County dismissing his petition for

appeal that challenged a regulation promulgated by the Virginia

Marine Resources Commission (VMRC).  On appeal, he contends the

circuit court erred in:  1) finding that appellant did not

exercise due diligence, pursuant to Rule 2:4, to effect service of

process on the VMRC within one year of filing his petition for

appeal[1] and 2) ruling that VMRC had standing to appear specially

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1] On brief, appellant argued:  (A) A suit in equity was
commenced, instituted and pending as to the VMRC; (B) appellee
received actual and timely notice; (C) the attachment of a
subpoena in chancery to the petition is not necessary at the

before the circuit court and move to dismiss the petition for appeal.

For the following reasons, we affirm the judgment of the circuit court.

The pertinent facts are not disputed. On December 19, 1997, appellant timely filed a notice of appeal with the circuit court challenging amendments to a regulation promulgated by VMRC. Within thirty days, appellant filed a "Petition for Review" with the circuit court, a copy of which he personally served upon VMRC's secretary. Appellant asked the circuit court to issue a subpoena in chancery. When the petition was processed for service, the circuit court clerk's office neglected to attach a subpoena to the petition, and a subpoena in chancery was not served upon VMRC.

The clerk's office notified the parties of this oversight in a February 12, 1998 letter stating, "If we can be of any further assistance, please advise." Thereafter, in a pleading filed with the circuit court, VMRC acknowledged receipt of the clerk's letter and withdrew a motion to quash process that it previously had

_____

commencement of a suit; (D) the error of the clerk in not attaching a subpoena in chancery to the petition is harmless; (E) it is the clerk's duty to issue subpoenas and deliver them for service; (F) there is no specific statutory requirement or Rule that service of process is required within any specific time; (G) the appellee's February 23, 1999 second motion to dismiss was premature and lacks merit. We do not address these issues because they were not properly included in appellant's questions presented. See Rule 5A:20.

- 2 -

filed. VMRC noted, however, that it still had not been served with a subpoena in chancery and that "[u]nless and until such process is issued, the Commission is not properly before the Court and the latter will have no jurisdiction to proceed. Counsel for the Commission has not waived service and/or entered a general appearance for its client and has no authority to do so."

Appellant took no further steps to have a subpoena in chancery served on VMRC, and no subpoena was ever served.[2] Since VMRC asserted that the circuit court did not have jurisdiction over it, VMRC never transmitted the agency record to the circuit court. On February 23, 1999, more than twelve months after appellant filed his petition for appeal, VMRC filed a motion to dismiss for lack of service pursuant to Rule 2:4. Following a hearing, the circuit court granted VMRC's motion and dismissed the appeal.

I.

"The Administrative Process Act does not prescribe the procedure for perfecting an appeal from the agency to the circuit court. Code § 9-6:14:16 authorizes the Supreme Court to establish these by rule, and they are contained in Part Two A, Appeals Pursuant to the Administrative Process Act." Bendele v. Commonwealth, 29 Va. App. 395, 397, 512 S.E.2d 827, 828 (1999).

---

[2] While appellant contends in his reply brief that he spoke to the clerk on several occasions in an effort to have process served, the record does not support this contention.

Rule 2A:4 establishes the filing requirements for the petition for appeal and provides that "[s]uch filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party."

"When following the equity procedures incorporated by Rule 2A:4, process would be the subpoena in chancery." Bendele, 29 Va. App. at 399, 512 S.E.2d at 829. Rule 2:4, which applies to proceedings under the Administrative Process Act (APA) pursuant to Rule 2A:5,[3] provides that the subpoena in chancery must be attached to and served with the petition or bill of complaint.

"No decree shall be entered against a defendant who was served with process more than one year after the institution of the suit against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him." Rule 2:4. "The noun 'diligence' means 'devoted and painstaking application to accomplish an undertaking.' . . . The determination whether diligence has been used is a factual question to be decided according to the circumstances of each case." Dennis v. Jones, 240 Va. 12, 19, 393 S.E.2d 390, 393 (1990) (interpreting "due diligence" as that term is used in

---

[3] Rule 2A:5 provides that proceedings under the APA "shall be held as in a suit in equity and the rules contained in Part Two, where not in conflict with the Code of Virginia or this part, shall apply."

Rule 3:3, which establishes a twelve-month service deadline in actions at law) (citations omitted).

The record establishes that VMRC was never served with a subpoena in chancery. Despite the clerk's office's notification to appellant that the subpoena had not been served, and VMRC's pleading advising appellant that it would not submit itself to the circuit court's jurisdiction until it was properly served with process, appellant took no further steps to have the subpoena in chancery issued and served. Although the initial failure to have the subpoena in chancery issued and served was the result of an error in the clerk's office, appellant has presented no reason why he could not have contacted the clerk's office after receiving the February 12, 1998 letter to request that the subpoena in chancery be issued and served on VMRC. Accordingly, the circuit court did not err when it granted VMRC's motion to dismiss.

## II.

Under Rule 2A:3:

> The agency secretary shall prepare and certify the record as soon as possible after the notice of appeal and transcript or statement of testimony is filed and shall, as soon as it has been certified by him, transmit the record to the clerk of the court named in the notice of appeal.

Appellant asserts that VMRC did not have standing to challenge jurisdiction because of the agency's failure to comply

with Rule 2A:3.[4]  He has not, however, cited any rule of court, statute, or precedent in support of this position, and we are aware of none.  Moreover, appellant has failed to establish how he was prejudiced by VMRC's failure to certify and transmit the record.  VMRC challenged the circuit court's jurisdiction based on the fact that the agency was never served with process.  The agency record was, therefore, immaterial to VMRC's motion to dismiss, or appellant's response thereto until VMRC was properly before the court.  Accordingly, the circuit court did not err when it permitted VMRC to challenge the court's jurisdiction before satisfying the requirements of Rule 2A:3.

For the reasons stated herein, the judgment of the circuit court is affirmed.

Affirmed.

---

[4] Appellant also asserts that VMRC failed to comply with Rule 2A:4 and that this failure denied the agency standing to challenge the circuit court's jurisdiction.  Appellant did not present this argument to the circuit court, and we will not address it for the first time on appeal.  See Turner v. Jackson, 14 Va. App. 423, 432, 417 S.E.2d 881, 888 (1992); Rule 5A:18.