COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


JOHN E. SOMERS, II
                                        MEMORANDUM OPINION*
v.    Record No. 2899-00-1                  PER CURIAM
                                          MAY 29, 2001
ACCOMACK COUNTY DEPARTMENT
 OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                      Glen A. Tyler, Judge

           (Barry Kantor; Grady A. Palmer, III;
           Christie & Kantor, P.C., on brief), for
           appellant.

           No brief for appellee.

           (Mark L. Earley, Attorney General; Ashley L.
           Taylor, Jr., Deputy Attorney General;
           Siran S. Faulders, Senior Assistant Attorney
           General; Cheryl A. Wilkerson, Assistant
           Attorney General, on brief), for Virginia
           Department of Social Services.


     John E. Somers, II, appeals the decision of the circuit court

dismissing his petition for appeal from an administrative hearing

conducted by the Virginia Department of Social Services (VDSS).

On appeal, Somers contends that the circuit court erred in (1)

dismissing his appeal on the basis that he incorrectly described

the adverse party's name in the caption of the petition for

appeal; (2) finding the appeal did not contain a misnomer when the

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

correct party appeared although the petition incorrectly described the adverse party's name; and (3) refusing to grant leave to amend the petition to add the proper party. Somers asks us to reverse the circuit court's dismissal and remand the case. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Procedural Background

Somers filed a petition appealing a decision of the VDSS in the circuit court. The only respondent named in the petition was the Accomack County Department of Social Services (ACDSS). VDSS had been served a copy of the petition and made a special appearance by a Plea in Bar/Motion to Dismiss on the ground that the agency rendering the challenged decision had not been made a party to the appeal. The circuit court granted the plea and dismissed the petition, finding that Somers had failed to perfect his appeal because he did not include the name of VDSS in the caption of his petition. Somers filed a Motion to Vacate Order of Dismissal and Motion for Leave to Amend Bill of Complaint. The circuit court denied these motion, and Somers timely appealed.

-

I.

The Administrative Process Act does not prescribe the procedure for perfecting an appeal from the agency to the circuit court. Code § 9-6:14:16 authorizes the Supreme Court to establish these by rule, and they are contained in Part Two A, Appeals Pursuant to the Administrative Process Act. Rule 2A:2 provides that a party shall file a notice of appeal with the agency secretary. Rule 2A:4 provides that within 30 days of filing the notice, the party shall file a petition for appeal with the clerk of the circuit court. The filing of the petition shall include all the steps established in Rules 2:2 and 2:3 (the procedures for initiating an equity bill of complaint and having the clerk issue a subpoena in chancery).

Bendele v. Commonwealth, 29 Va. App. 395, 397, 512 S.E.2d 827, 828 (1999).

Rule 2:2 provides, in pertinent part:

A suit in equity shall be commenced by filing a bill of complaint in the clerk's office. The suit is then instituted and pending as to all parties defendant thereto. . . .

The bill shall be captioned with the name of the court and the full style of the suit. . . .

. . . Without more it will be understood that all the defendants mentioned in the caption are made parties defendant . . . , that proper process against them is requested . . . .

Somers named only ACDSS in the caption, failing to make VDSS a party to the appeal. "Generally, rules governing appeal

-

procedures are mandatory and 'compliance with them is necessary for the orderly, fair and expeditious administration of justice.'" Mayo v. Dep't of Commerce, 4 Va. App. 520, 522, 358 S.E.2d 759, 761 (1987) (citation omitted). The naming of the defendants in the caption in the petition for appeal of an agency case decision is mandatory, as indicated by the General Assembly's use of the word "shall." See Sours v. Virginia Bd. for Architects, 30 Va. App. 313, 318, 516 S.E.2d 712, 715 (1999).

Both Code § 9-6.14:16 and Rule 2A:1(b) require that the agency rendering a case decision be made a party to the judicial review proceeding. The trial court correctly found that by naming only ACDSS in the caption, Somers failed to make VDSS a party to the action.

## II.

"Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named." Swann v. Marks, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996). Somers named only ACDSS in its appeal. ACDSS and VDSS "are two separate entities . . . [t]hus, one cannot be substituted for another under the concept of correcting a misnomer." Id.

"A general appearance 'is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court.'" Gilpin v. Joyce, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999) (quoting Nixon v. Rowland, 192 Va. 47,

-

50, 63 S.E.2d 757, 759 (1951)). However, VDSS did not make a general appearance before the court. Instead, VDSS specially appeared to challenge the court's jurisdiction. By making a special appearance, VDSS did not thereby submit to the jurisdiction of the court. The trial court correctly found that the proper party was not before the court and that a misnomer had not occurred.

## III.

When Somers named ACDSS as respondent in his petition for judicial review, he did not provide VDSS with formal notice constituting process "which informed[ed] the opposing party of the litigation and instruct[ed] the party when and where it must respond." Bendele, 29 Va. App. at 399, 512 S.E.2d at 829. This failure was jurisdictional, and the circuit court did not have the authority to extend time limits to allow for the amendment of pleadings. Identifying the correct party respondent must be accomplished during the thirty-day period prescribed in Rule 2A:4. "The absence of an express provision in Part Two A of the Rules empowering the circuit court to extend the time limits prescribed in Rule 2A:4 is persuasive evidence that no such provision applies to petitions for circuit court review of administrative agency decisions." Mayo, 4 Va. App. at 524, 358 S.E.2d at 761. Because the circuit court did not have jurisdiction over the proceeding, it correctly concluded that it had no authority to allow an amendment of the pleadings.

-

Accordingly, the dismissal by the circuit court is summarily

affirmed.

<u>Affirmed.</u>