COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Kelsey and Senior Judge Bumgardner
Argued by teleconference

ANTONIO EUGENE PALMER

v.        Record No. 1727-10-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM[*] OPINION BY
JUDGE D. ARTHUR KELSEY
SEPTEMBER 27, 2011

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Charles N. Dorsey, Judge

(Neil A. Horn, on brief), for appellant.  Appellant submitting on brief.

Robert H. Anderson, III, Senior Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court convicted Antonio Eugene Palmer of eluding a law enforcement officer and driving on a revoked license.  See Code §§ 46.2-817, 46.2-301.  On appeal, Palmer challenges the sufficiency of the evidence presented at trial.  Palmer failed, however, to file a timely transcript of the trial or to obtain a statement of facts from the trial court.[1]

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."  Rule 5A:8(b)(4)(ii).  See generally Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986) (holding Rule 5A:8 "must be strictly adhered to" and disclaiming any case-by-case "authority to make exceptions" to its filing

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court entered its final order on July 27, 2010.  Palmer filed the trial transcript in the trial court on December 8, 2010.  The court reporter's certificate was signed and dated December 8, 2010.  See Appellant's Br. at 6 ("Counsel for the Appellant concedes the January 27, 2010 trial transcript was not timely filed . . . .").

requirement). Because an appellate court presumes the trial court's decision to be correct, "the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). If he fails to do so, we "treat the underlying issue as waived and affirm the trial court on that basis." Smith v. Commonwealth, 56 Va. App. 351, 363, 693 S.E.2d 765, 771 (2010), aff'd, 281 Va. 464, 706 S.E.2d 889 (2011).[2]

In this case, a trial transcript or statement of facts is indispensable to our review of Palmer's challenge to the sufficiency of the evidence.[3] Having been provided with neither, we presume the trial court correctly found the evidence sufficient and affirm Palmer's convictions.

Affirmed.

---

[2] On brief, Palmer appears to lay blame for the default on the clerk of court. In Virginia, however, "one who takes the shortcut of asking the clerk's employees to examine the record for him relies on the response at his peril." School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 322 (1989); see also Bendele v. Commonwealth, 29 Va. App. 395, 399, 512 S.E.2d 827, 829 (1999).

[3] See Appellant's Br. at 6-7 ("Counsel must also concede the January 27 trial transcript is indispensable in deciding the issue raised in Appellant's petition. . . . Thus, an incomplete record on appeal leaves the Court no choice but to consider the issue waived, and must deny the petition."). The certified trial court record does not contain any electronic recordings of the trial. See generally Rule 1:14 (authorizing the "use of electronic or photographic means for the preservation of the record or parts thereof"); Rule 5A:7(a)(7) (including in the trial court record any "official videotape recording of any proceeding in those circuit courts authorized by the Supreme Court to use videotape recordings").