HUFF, J., with whom ELDER and BEALES, JJ., join,
dissenting.
I respectfully dissent because the plain meaning of Rule 2A:4(a) does not specify that the petition for appeal must be served on the agency secretary as in the commencement of a civil action. Rather, it requires that an appellant “cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on every other party.” Rule 2A:4(a). Thus, the plain meaning of Rule 2A:4(a) did not require Muse to serve the petition with process, as the majority asserts. Accordingly, Muse complied with the service requirements set forth in Rule 2A:4(a) by mailing a copy of the petition to the Board on November 10, 2010 pursuant to Rule 1:12—“as in a civil action.” Rule 2A:4(a).
As in any case involving an analysis of statutory meaning, we first consider whether the plain language of Rule 2A:4(a) *145 evidences the Supreme Court’s intent with regard to service of a petition for appeal. See Kessler v. Smith, 31 Va.App. 139, 144, 521 S.E.2d 774, 776 (1999) (“ ‘Where the language of a [rule] is clear and unambiguous, we are bound by the plain statement of ... intent.’ ” (alteration in original) (quoting Commonwealth v. Meadows, 17 Va.App. 624, 626, 440 S.E.2d 154, 155 (1994))). As noted above, Rule 2A:4(a) instructs an appellant, in pertinent part, to “tak[e] ... all steps provided in Rules 3:2, 3:3 and 3:4 to cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on every other party.”[11] The Board suggests that this language requires process to be served together with the petition for appeal. Such an interpretation, however, incorrectly reads Rule 2A:4(a) to require service with process as befitting the commencement of a civil action. To the contrary, the plain language of Rule 2A:4(a) simply requires that the petition be served “as in a civil action.” (Emphasis added).
Nothing in the rules justifies adding to the express language of Rule 2A:4(a). Prior to its amendment to accommodate the unification of law and equity, Rule 2A:4(a) required a party seeking an appeal in the circuit court “to cause a copy of the petition for appeal to be served (as in the case of a bill of complaint in equity).” Rule 2A:4(a) (1977) (amended 2006). A bill of complaint in equity was the initial pleading used to institute a new action in chancery, and therefore required service of process. Accordingly, in applying Rule 2A:4(a) prior to its amendment, the practice was to require service of process on the agency secretary in the form of a subpoena in chancery affixed to a copy of the filed petition for appeal. Bendele ex rel. Bendele v. Commonwealth, Dep’t of Med. Assistance Servs., 29 Va.App. 395, 399, 512 S.E.2d 827, 829 (1999).
The 2006 amendment, however, departed from the requirement that service of the petition comply with the same procedural formalities as would apply to a new action. Rule 2A:4(a) *146 (1977) (amended 2006). By its plain language, the amendment not only reflected the unification of law and equity but also eliminated any requirement that service of a petition for appeal mirror that required for a bill of complaint in equity or for a complaint at law. Rather than require service of a petition as in a complaint in a civil action, the amended rule’s language now simply requires service “as in a civil action.” Rule 2A:4(a). Thus, in relaxing the language of the amended rule to include ongoing actions, the Supreme Court plainly removed the requirement that process accompany the petition in an appeal of an agency’s case decision.
Furthermore, the majority’s reference to the Judicial Council of Virginia’s 2004 Report to the General Assembly and Supreme Court of Virginia (“Report”) for guidance does not support supplementation of the plain meaning of the rule. First, the Report is not an appropriate substitute for legislative history and might assist only if the meaning of the rules were ambiguous. Second, although the Report covers a myriad of topics, it does not specifically reference Rule 2A:4(a) nor does it suggest an amendment to that rule. Thus, the majority’s reliance on the Report is misplaced.
Addressing the rules in concert with the VAPA, as the majority does,[12] I note that Part 2A of the rules governs “appeals pursuant to the Administrative Process Act” and is “promulgated pursuant to § 2.2-4026 of the Code of Virginia.” Rule 2A:l(a). Code § 2.2-4026 specifically provides that a “party aggrieved by and claiming unlawfulness of a case decision ... shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia.” The rules, in turn, refer to the “review” of an agency’s case decision as a “direct appeal.” Rule 2A:l(a); see Rules 2A:2, 2A:3, and 2A:4 (providing for a notice of appeal, a petition for appeal, and a record on appeal); *147 see also J.P. v. Carter, 24 Va.App. 707, 721, 485 S.E.2d 162, 169 (1997) (noting that the circuit court reviews an agency’s case decision in a manner “equivalent to an appellate court’s role in an appeal from a trial court,” and thus, “[i]n this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal” (quoting Sch. Bd. v. Nicely, 12 Va.App. 1051, 1062, 408 S.E.2d 545, 551 (1991))). Under the VAPA, therefore, this review is an extension of the underlying cause initiated before the agency and is not the commencement of a new action.
Furthermore, other provisions of the VAPA support the conclusion that an administrative appeal is a continuation of a proceeding that began at the agency as opposed to a new action. By the time this appeal was made to the circuit court, the Board was already aware of the case and had participated in the informal fact-finding conference conducted by a member of the Department of Professional and Occupational Regulation. Oral Argument at 16:43, Muse Constr. Grp., Inc. v. Commonwealth Bd. for Contractors, 61 Va.App. 125, 733 S.E.2d 690 (2012) (en banc). Once the facts were conclusively established following the agency’s decision, the circuit court, pursuant to Code § 2.2-4027, was precluded from substituting its judgment on factual issues. Moreover, pursuant to Code § 2.2-4029, the circuit court was only permitted to affirm, dismiss, or remand the action to the agency from which it originated. These examples demonstrate that the circuit court’s role is—just as this Court has previously stated—that of an appellate tribunal. See Rule 2A:l(a) (“These rules ... shall apply to the review of, by way of direct appeal from, ... the decision of a case by an agency.” (emphasis added)).
Thus, Rule 2A:4(a) and the VAPA treat the circuit court’s review of an agency’s case decision as a continuation of the agency action, and do not require that an appellant serve the petition upon the agency secretary with process. Rather, the Supreme Court’s removal of the requirement in Rule 2A:4(a) that an appellant serve the petition “as in the case of a bill of complaint in equity” permits service to be performed pursuant *148 to Rule 1:12. Since appellant served the petition by mail on the date of filing, I would reverse the circuit court’s decision and remand the case to the circuit court for it to consider the appeal on the merits, acting in its appellate capacity in this appeal of an administrative agency’s findings.

. Rule 2A:4(a) does not incorporate Rule 3:5, which governs the form of process.

. I analyze the VAPA because the majority interprets the VAPA's language and purpose to indicate that a review of an agency’s case decision constitutes a new action.