PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Whiting, S.J.

VIRGINIA RETIREMENT SYSTEM

OPINION BY
SENIOR JUSTICE HENRY H. WHITING

v.  Record No. 002253

September 14, 2001

LINDA K. AVERY

FROM THE COURT OF APPEALS OF VIRGINIA

In this case, we consider the effect of alleged deficiencies in an appeal to the circuit court from the decision of an administrative agency.

On March 5, 1998, the Virginia Retirement System (VRS) denied disability benefits to Linda K. Avery (Avery), an employee of the Prince William County School Board, in a final case decision.  Avery filed her notice of appeal with VRS under the provisions of Rule 2A:2, one of the rules we promulgated pursuant to Code § 9-6.14:16 to regulate appeals from the decisions of administrative agencies under the Administrative Process Act (APA).  Thereafter, Avery filed her petition for appeal in the Circuit Court of Prince William County under Rule 2A:4, the following provisions thereof being pertinent to this appeal:

> (a) Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed.  Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.

Although Avery mailed a "courtesy copy" of her petition for appeal to the secretary of VRS within the 30-day period required by Rule 2A:4(a), she did not expressly request that process issue for service of a copy of her petition upon the secretary of VRS. No such process had been issued or served before VRS's demurrer to Avery's petition for appeal raised this issue. In its demurrer, VRS asserted that Avery's failure "to meet the procedural requirements for perfecting an appeal under the Virginia Administrative Process Act" required the circuit court to dismiss the appeal, because it lacked jurisdiction.

After the court overruled the demurrer, Avery sent a copy of a subpoena in chancery and her petition for appeal by an express delivery service to the secretary of VRS and, in an affirmative defense, VRS responded that this also was not a proper service of process. Following a hearing of Avery's appeal on the merits, the circuit court ordered that Avery's previously terminated disability benefits be reinstated and remanded the case to VRS for further administrative proceedings. VRS and Avery appealed the circuit court's judgment to the Court of Appeals.[1] Code § 17.1-405.

---

[1] Avery's appeal of the circuit court's denial of attorney's fees is not involved in this appeal.

A panel of that court affirmed the circuit court's judgment that it had subject matter jurisdiction.  Avery v. Virginia Retirement System, 31 Va. App. 1, 10, 16, 520 S.E.2d 831, 836, 839 (1999).  On VRS's petition, the Court of Appeals granted a rehearing en banc, and later affirmed the panel's ruling.  Avery v. Virginia Retirement System, 33 Va. App. 210, 217, 532 S.E.2d 348, 351 (2000).  Upon our determination that this ruling had significant precedential value, see Code § 17.1-410(B), we granted an appeal to VRS.

VRS's first assignment of error is that Avery failed "to perfect her Administrative Process Act . . . appeal to the Prince William County Circuit Court."  This claim is substantially the same as that raised in the circuit court.

VRS contends here that the APA, Code §§ 9-6.14:1 through -14:25, "constitutes the Commonwealth's waiver of its sovereign immunity in a limited and circumscribed context," and therefore the APA "statutes and rules must be strictly construed." Accordingly, VRS maintains that compliance with the appellate "conditions and restrictions" is a jurisdictional requirement, and suggests that the issue is either one of subject matter jurisdiction or a mandatory condition precedent to the maintenance of the action.  VRS cites the following two cases: Virginia Bd. of Medicine v. Virginia Physical Therapy Ass'n, 13 Va. App. 458, 465-66, 413 S.E.2d 59, 64 (1991), aff'd 245 Va.

3

125, 126, 427 S.E.2d 183, 184 (1993) (circuit court has no subject matter jurisdiction under the APA to hear appeal of de facto administrative rule when appellate right is statutorily limited to that of a promulgated rule); Sabre Construction Corp. v. County of Fairfax, 256 Va. 68, 72, 501 S.E.2d 144, 147 (1998) (claim barred by failure to file administrative appeal within specifically limited period, condition precedent to maintenance of action, which is part of statute creating cause of action).

We disagree with VRS's argument, and conclude that neither of the above-cited cases applies to the present appeal because they applied limiting statutory provisions. In contrast, nothing in our rules promulgated pursuant to the APA indicates that service of process upon an opposing party is a necessary prerequisite to the perfection of an appeal of an administrative agency decision. Kessler v. Smith, 31 Va. App. 139, 144, 521 S.E.2d 774, 776 (1999). Hence, we hold that the circuit court had jurisdiction over the appeal because Avery had perfected it by filing her notice of appeal and her petition for appeal within the times specified by Rules 2A:2 and 2A:4. Further, Avery's alleged failure to have process properly served did not divest the court of subject matter jurisdiction over the appeal. See Hewitt v. Virginia Health Services Corp., 239 Va. 643, 645, 391 S.E.2d 59, 60 (1990) (failure to serve notice of tort claim

properly is procedural violation not affecting trial court's subject matter jurisdiction).

We turn now to the remaining assignments of error dealing with VRS's contentions that Avery was required to request that process issue for service by a sheriff or private process server and that the request and subsequent service must be within 30 days after Avery filed her notice of appeal. For the reasons that follow, we find no merit in any of these contentions.

We consider first the following relevant provisions of Rule 2:2:

> It shall be sufficient for the prayer of the bill to ask for the specific relief sought, and to call for answer under oath if desired. Without more it will be understood that all the defendants mentioned in the caption are made parties defendant and required to answer the bill of complaint; that proper process against them is requested.

We agree with Avery that these plain provisions obviate such a request for process to issue. Kessler, 31 Va. App. at 144, 521 S.E.2d at 776.

Although we do not agree with Avery's assertion that process issued by the clerk, together with Avery's petition for appeal, delivered by an express delivery service to VRS was a proper service of process,[2] we agree with her that Code § 8.01-288 cures the defective service. That Code section provides:

---

[2] The proceedings in this case, including the purported service by express delivery carrier, took place prior to amendment of Rule 1:12, effective February 1, 1999, authorizing

5

Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

There is no statute or rule specifically prescribing the method for the service of process of a petition for the appeal of an administrative ruling such as this one. Such service is governed by the earlier quoted provision of Rule 2A:4, which incorporates the steps for service of process pursuant to the equity rules.

Additionally, Rule 2A:5 provides in pertinent part that "[f]urther proceedings shall be held as in a suit in equity and the rules contained in Part Two, where not in conflict with the Code of Virginia or this part, shall apply." In our opinion, the curative provisions of Code § 8.01-288 apply not only to service of process in equity suits, but also to petitions for appeals of administrative rulings.

VRS maintains, nevertheless, that Avery was required "to request service of process on VRS within 30 days after filing her notice of appeal." We disagree. Nothing in our rules requires that Avery's request for service of process upon VRS be made within 30 days of filing her petition for appeal, nor is

_____

service of papers AFTER initial process through a "commercial delivery service." The present opinion does not address the

there any provision precluding the entry of a decree against an administrative agency which has not been served within that 30-day period. Indeed, the only period stated that would preclude the entry of a decree after delayed service upon an administrative agency is the following one-year period stated in Rule 2:4: "No decree shall be entered against a defendant who was served with process more than one year after the institution of the suit against him."

Rule 2:4 is not in conflict with the Code of Virginia or the rules promulgated for APA appeals and is thus applicable here under Rule 2A:5. Because process reached VRS within that one-year period, we reject the contention of VRS that such service was required within the 30-day period.

For these reasons, the judgment of the Court of Appeals will be

<u>Affirmed</u>.

---

impact of the current Rule, if any, on these circumstances.