PETTY, Judge.
Muse Construction Group, Inc. (“Muse”) appeals from an order of the trial court dismissing Muse’s appeal from a case decision by the Board for Contractors (“Board”) that revoked Muse’s contractor’s license. Muse argues that the trial court *129 erred in concluding that Rule 2A:4(a) requires service of process upon an agency secretary in the same manner as is required for service of a complaint initiating a civil action. A divided panel of this Court held that Rule 2A:4(a) did not require formal service of process in Muse’s case and accordingly reversed the trial court’s decision. Muse Constr. Group, Inc. v. Commonwealth Bd. for Contractors, 60 Va.App. 92, 724 S.E.2d 216 (2012). We subsequently granted the Commonwealth’s petition for rehearing en banc and stayed the panel decision.[1] On rehearing en banc, we hold that Rule 2A:4(a) contemplates formal service of process as with a complaint initiating a civil action. Therefore, we affirm the judgment of the trial court.
I. BACKGROUND
The only facts relevant to this appeal are the procedural facts of the case, which the parties agree are not in dispute. The Board entered a final opinion and order on September 21, 2010, revoking Muse’s license and imposing various monetary penalties. Muse filed its notice of appeal on October 22, 2010, and mailed copies of the notice to the other parties by certified mail. On November 10, 2010, Muse filed its petition for appeal with the clerk of the trial court, and on the same day mailed copies of its petition to the other parties by certified mail.[2]
On February 7, 2011, the Board filed a plea in bar claiming lack of jurisdiction for Muse’s failure to perfect service upon the Board’s secretary as required by Rule 2A:4. The next day, Muse requested the clerk of the trial court to serve its petition on the parties, and Muse paid the clerk for such service at that time. The Board’s secretary was served with Muse’s petition for appeal on February 25, 2011.
*130 On March 3, 2011, the Board moved to dismiss Muse’s petition for appeal. The Board argued that Muse had failed to take all the necessary steps to cause a copy of its petition to be served on the agency secretary as required by Rule 2A:4(a). In reply, Muse argued that the Rules do not require the petition for appeal to be served in the same manner as initial process is served in a civil action. Muse characterized its appeal from the agency’s decision as “an ongoing action” and argued that service of its petition for appeal need be no different from service of a petition for appeal of a circuit court decision to this Court or the Supreme Court.[3]
The trial court entered a final order dismissing Muse’s appeal on May 31, 2011. In its order, the trial court found that Muse failed to timely “take the steps required by Rules 3:2, 3:3 and 3:4 of the Rules of the Supreme Court of Virginia for filing and service of a complaint to commence a civil action to have the petition for appeal served with process upon the agency secretary ... as required by Rule 2A:4(a).” Muse then appealed to this Court.
II. ANALYSIS
The question presented to us in this appeal is whether Rule 2A:4(a) requires service of process in the same manner in which process is served to initiate a civil action. We hold that it does.
The interpretation of Rule 2A:4(a) and other relevant statutory language is a question of law that we review de novo. See Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (noting that issues of statutory interpretation are pure questions of law subject to die novo review). In construing the language of rules and statutes, “we must give effect to the [drafters’] intention[s] as *131 expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.” Id. Indeed, “ ‘[t]he primary objective of statutory construction is to ascertain and give effect to legislative intent.’ ” Conger v. Barrett, 280 Va. 627, 630, 702 S.E.2d 117, 118 (2010) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). Moreover, “ ‘[i]t is a cardinal rule of construction that statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished.’ ” Alston v. Commonwealth, 274 Va. 759, 769, 652 S.E.2d 456, 462 (2007) (quoting Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4, 8 (1957)). These principles apply equally to construing the language of the Rules of the Supreme Court as they do to construing statutory language.

A. The Meaning of Rule 2A:J/,(o>)

Code § 2.2-4026, part of the Virginia Administrative Process Act (‘VAPA”), provides that the judicial branch of government may review certain actions taken by administrative agencies “in the manner provided by the rules of the Supreme Court of Virginia.” Part Two-A of the Rules of the Supreme Court of Virginia sets forth the Rules governing the courts’ review of such actions, pursuant to Code § 2.2-4026. See Rule 2A:l(a).
Rule 2A.4 prescribes the requirements for a petition for appeal from an agency regulation or case decision. Rule 2A:4(a) states, in relevant part:
Within 30 days after the filing of the notice of appeal, the appellant shall file a petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include within such 30-day period both the payment of all fees and the taking of all steps provided in Rule 3:2, 3:3 and 3:h to cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on every other party.
(Emphasis added.)
The plain language of the Rule requires the party complaining of an agency action to take all steps provided in Rules 3:2, *132 3:3, and 3:4 to cause a copy of the petition for appeal to be served in the same manner as service is accomplished in a civil action. That this is referring to formal service of process that initiates a civil action, and not to some other type of service in an already-instituted civil action, is apparent from both (1) the language of the statutory scheme in the VAPA that authorizes judicial review of agency actions in the first place, and (2) the language of numerous other Rules, including those expressly referred to in Rule 2A:4(a), as well as others.
The authority of a court of this Commonwealth to review an action taken by an administrative agency arises from Code § 2.2-4026, which states:
Any person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision and whether exempted from the procedural requirements of Article 2 (§ 2.2-4006 et seq.) or 3 (§ 2.2-4018 et seq.) of this chapter, shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia. Actions may be instituted in any court of competent jurisdiction as provided in § 2.2-4003, and the judgments of the courts of original jurisdiction shall be subject to appeal to or review by higher courts as in other cases unless otherwise provided by law. In addition, when any regulation or case decision is the subject of an enforcement action in court, it shall also be reviewable by the court as a defense to the action, and the judgment or decree therein shall be appealable as in other cases.
(Emphasis added.)
The plain language of this statute indicates that a party seeking to challenge an agency’s regulation or case decision has a right to “the direct review thereof’ by “instituting” a “court action” in a court that has “original jurisdiction” to hear such an action. This language clearly treats a challenge to an agency regulation or case decision as a brand new judicial proceeding, separate from whatever administrative proceeding may have preceded it. Properly speaking, such a *133 judicial action is not an appeal from a lower judicial tribunal; rather, the legislature carefully refers to such an action as a “direct review” of an administrative agency’s conduct.[4] Furthermore, such an action must be “instituted” in a court, not simply appealed to or transferred to a court. The court in which such an action is instituted is the court of “original jurisdiction,” which implies that no judicial tribunal has previously exercised jurisdiction over the parties and their proceeding.[5]
Other statutory language in the VAPA demonstrates the consistency and purposefulness of the legislature’s choice of terminology to describe a judicial review action regarding agency conduct. Code § 2.2-4027 states that “the party complaining of agency action” bears the burden to show an error of law that is “subject to review by the court.” It also refers to the “judicial review” of “final agency action” and to “the review action” in the court. Code § 2.2-4027. Likewise, Code § 2.2-4028 speaks of the time when “judicial review is instituted” and authorizes the court to stay certain effects of agency conduct “pending conclusion of the review proceedings.” Code § 2.2-4029 refers to “the review action.” Importantly, Code § 2.2-4030 speaks of “any civil case brought under Article 5 (§ 2.2-4025 et seq.) of this chapter ... in which any *134 person contests any agency action,” Code § 2.2-4030(A) (emphasis added), and it mentions “bring[ing] an action against an agency,” Code § 2.2-4030(B). The plain language of the VAPA treats a review action under Code § 2.2-4026 as a new civil action, even expressly calling it a “civil case.” Code § 2.2-4030(A).
The legislature’s consistent, clear, and careful choice of language in the statutory scheme of the VAPA plainly indicates its intent that judicial actions to review agency regulations or case decisions are to be understood as precisely what they are—newly instituted judicial actions affording the opportunity for a court to review the regulations or case decisions of an administrative agency.[6] There is no preexisting judicial proceeding that is being continued when a party asks for judicial review of agency conduct.[7] The request for judicial review creates a new judicial proceeding where there was none before.
*135 When Rule 2A:4(a) requires a party seeking judicial review of agency conduct to file a petition for appeal and to ensure that all prerequisites are met for causing a copy of the petition to be served “as in a civil action” on the other parties, the posture of the case at that point is a newly instituted judicial proceeding. Thus, the “service” of the petition on the other parties is an initial service at the commencement of a court action in the judicial system. This fact is further demonstrated by examining the language of the Rules, beginning with the Rules explicitly mentioned in Rule 2A:4(a). Again, Rule 2A:4(a) states, in part:
Such filing shall include within such 30-day period both the payment of all fees and the taking of all steps provided in Rule 3:2, 3:3 and 3:4 to cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on every other party.
Rule 3:2 is entitled, “Commencement of Civil Actions.” Subsection (a) reads as follows:
A civil action shall be commenced by filing a complaint in the clerk’s office. When a statute or established practice requires, a proceeding may be commenced by a pleading styled “Petition.” Upon filing of the pleading, the action is then instituted and pending as to all parties defendant thereto. The statutory "writ tax and clerk’s fees shall be paid before the summons is issued.
Rule 3:2(a) (emphasis added). This Rule clearly concerns the commencement of a civil action by the initial filing of the original pleading—whether labeled a “complaint” or a “petition”—in the clerk’s office. Additionally, this Rule plainly contemplates the issuance of a summons by the court, and it prescribes the requirements that the party initiating the action must fulfill before such a summons will be issued.
Rule 3:4 contains further requirements for a party initiating a new civil action in a court: “Except in cases where service is waived pursuant to Code § 8.01-286.1, the plaintiff shall furnish the clerk when the complaint is filed with as many paper copies thereof as there are defendants upon whom it is to be served.” Rule 3:4(a). This language again clearly contem *136 plates official service of process—by someone other than the party initiating the action[8]—and prescribes the requirements that the party initiating the action must fulfill before such service will be made. Also, the reference to Code § 8.01-286.1 illustrates that this Rule is specifically concerned with the requirements for formal service of process at the commencement of a civil action. Code § 8.01-286.KA) provides: “In an action pending in general district court or circuit court, the plaintiff may notify a defendant of the commencement of the action and request that the defendant waive service of process as provided in subsection B.” Rule 3:4 is plainly concerned, then, with the requirements for formal service of process at the commencement of a civil action.
These requirements in Rules 3:2 and 3:4 are the precise requirements that Rule 2A:4(a) expressly references. These are plainly not the requirements for serving documents in an already-existing action. Rather, they are the specific requirements for having initial process served at the commencement of a civil action. These are the requirements that Rule 2A:4(a) expressly references as the requirements that a party seeking judicial review of agency conduct must fulfill in order “to cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on every other party.” Thus, Rule 2A:4(a) contemplates formal service of process in the same manner as occurs with the formal initiation of a civil action.
In addition to the Rules expressly referenced in Rule 2A:4(a), the language of other Rules also demonstrates that Rule 2A:4(a) requires formal service of process in the same manner as occurs when a party commences a civil action.
Rule 2A:5 provides:
*137 Further proceedings in an appeal under this Part Two-A shall be governed by the rules contained in Part Three, where not in conflict with the Code of Virginia or this part, subject to the following:
sf: si*
(3) Once any motions, demurrers or other pleas filed by the agency have been overruled, or if none have been filed within the time provided by Rule 3:8 for the filing of a response to the process served under Rule 2A:Jf, the appeal shall be deemed submitted and no answer or further pleadings shall be required except as provided herein or by order of the court.
(Emphasis added.)
This Rule explicitly refers to “the process served under Rule 2A:4” and treats such service of process as the trigger for the time requirements of Rule 3:8 for filing responsive pleadings. Rule 3:8 requires that “[a] defendant shall file pleadings in response within 21 days after service of the summons and complaint upon that defendant, or if service of the summons has been timely waived on request under Code § 8.01-286.1, within 60 days after the date when the request for waiver was sent----” Rule 3:8(a). Thus, “the process served under Rule 2A:4,” Rule 2A:5(3), is analogous to “service of the summons and complaint upon [a] defendant,” Rule 3:8(a).
Indeed, Rule 3:5 directly states, “The process of the courts in civil actions shall be a summons.... ” Rule 3:5(a). The Rule then prescribes essentially that a summons must notify the party receiving the summons and attached complaint that unless that party files a responsive pleading within 21 days, the court may enter judgment against that party, either by default or after hearing evidence. Rule 3:5(a). Thus, it is the summons that officially informs a party that a responsive pleading is required within a specific period of time. This is the “process” referred to by Rule 2A:4(a).
The statutory language of the VAPA authorizing judicial review of agency actions, the language of Rules expressly *138 referred to in Rule 2A:4(a), as well as the language of other Rules all demonstrate that Rule 2A:4(a) contemplates formal service of process accompanying the commencement of a court action in the judicial system. Such service of process is to be made in the same manner in which process is served when a party initiates a civil action.

B. The Effect of the 2006 Amendment to Rule 2A.L(a)

Muse argues that the 2006 amendment to Rule 2A:4(a) removed the requirement to serve a copy of a petition for appeal in the same manner as an initial complaint is served in a civil action. We disagree with this contention. The 2006 amendment to Rule 2A:4(a) effected no substantive change to the Rule’s requirements.
Prior to January 1, 2006, Rule 2A:4(a) read:
Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the .circuit court named in the first notice of appeal to be filed. Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.
On January 1, 2006, Rule 2A:4(a) was amended to read: Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include all steps provided in Rules 3:2, 3:3 and 3A to cause a copy of the petition to be served (as in a civil action) on the agency secretary and on every other party.
(Amended language emphasized.)
Parts Two and Three of the Rules were amended in 2006 to establish a unified set of procedural rules applicable to both legal and equitable causes of action. Kent Sinclair, Guide to Virginia Law & Equity Reform, and Other Landmark Changes § 1.01(C) (2006). Rule 3:1 was rewritten to provide: “There shall be one form of civil case, known as a civil action. *139 These Rules apply to all civil actions, in the circuit courts, whether the claims involved arise under legal or equitable causes of action, unless otherwise provided by law.” See also Judicial Council of Va., Report to the General Assembly and Supreme Court of Virginia, 42 (2004), available at http://www. courts.state.va.us/courtadmin/judpolicies/2004_jcv_report.pdf (noting that the amendments to the “Rules of Court provide that there will be one form of action in the Virginia courts, called a civil action, and that the procedural provisions in Parts Two and Three of the Rules of the Supreme Court be harmonized”). The amendments made no substantive change to legal or equitable principles, but merely streamlined their procedural practice. Judicial Council of Va., supra, at 41-45; Sinclair, supra, § 1.01(C)(1). Indeed, “no expansion or contraction of powers of any court, or of the claims properly heard therein, ... resulted]. (Nor [were] venue, forum non conveniens, or service of process rules ... affected in any way.)” Judicial Council of Va., supra, at 43-44 (emphasis added); see also Sinclair, supra, § 1.01(C)(2) (using almost exactly the same words to describe the amendments). The 2006 amendments simply did not change the substantive requirements of Rule 2A:4(a).
Before the 2006 amendments, “[w]hen following the equity procedures incorporated by Rule 2A:4, process would be the subpoena in chancery. The clerk of the issuing court would attach process, the subpoena in chancery, to a copy of the bill of complaint and direct it to the sheriff of the bailiwick for service.” Bendele ex rel. Bendele v. Commonwealth, Dep’t of Med. Assistance Servs., 29 Va.App. 395, 399, 512 S.E.2d 827, 829 (1999) (citation omitted). The amendment changing “as in the case of a bill of complaint in equity” to “as in a civil action” in Rule 2A:4(a) did nothing to eliminate—and certainly was not intended to eliminate—the requirement of formal service of process issued by a court. It simply was part of the broader change in the Rules at that time to reflect the merger of the procedural rules and terminology regarding legal and equitable claims.
*140 C. Additional Considerations
“Process is an official notice informing the recipient of a pending action filed and advising when a response is required.” Bendele ex rel. Bendele, 29 Va.App. at 398, 512 S.E.2d at 829. This Court has previously held that the simple act of mailing to an agency a copy of a petition for appeal that has been filed with a court does not qualify as “process.” Id. We reaffirm that holding today. Process, at least for purposes of Rule 2A:4(a), must be an official notice issued by a court, not simply information being shared from another source.
The formality of process serves a legitimate purpose. Process is official notice which informs the opposing party of the litigation and instructs the party when and where it must respond. Without this official notice, the recipient knows neither if the action was filed nor when it was filed. The party would not know when critical time limits expire. Without process a party would need to resort to other means to obtain essential information.
Id. at 399, 512 S.E.2d at 829.
Muse cites Virginia Retirement System v. Avery, 262 Va. 538, 551 S.E.2d 612 (2001), to support its position, but Avery actually supports a different conclusion than that which Muse would have us adopt. Similar to Muse’s actions in this case, “Avery mailed a ‘courtesy copy’ of her petition for appeal to the secretary of VRS within the 30-day period required by Rule 2A:4(a).” Id. at 540, 551 S.E.2d at 613. Subsequently, “Avery sent a copy of a subpoena in chancery and her petition for appeal by an express delivery service to the secretary of VRS.” Id. The Supreme Court considered the second of these mailings and recognized that “process issued by the clerk, together with Avery’s petition for appeal, delivered by an express delivery service to VRS was [not] a proper service of process.” Id. at 542, 551 S.E.2d at 614. The Court then proceeded to hold, however, that the defective service was cured under the provisions of Code § 8.01-288. Id.
*141 If the simple act of mailing a copy of a petition for appeal to an agency secretary is all that Rule 2A:4(a) requires, the Court in Avery would have been able to simply say so. However, it is apparent from the analysis in Avery that the Supreme Court recognized that the mailing of a “courtesy copy” of a petition for appeal to an agency secretary does not constitute service under Rule 2A:4(a). Furthermore, it is also apparent that such action does not even satisfy the relaxed requirements of the curative statute, Code § 8.01-288. That code section provides:
Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.
Code § 8.01-288 (emphasis added).
The Supreme Court in Avery recognized that this statute applies in a situation where court-issued process has actually reached the agency secretary. However, Avery most certainly did not hold that Code § 8.01-288 applies when a person simply mails a copy of a petition for appeal—without any accompanying court-issued process—to an agency secretary. Thus, Muse’s argument that Code § 8.01-288 applies to validate its act of mailing of a copy of its petition for appeal to the Board’s secretary is without merit.[9] See Bendele ex rel. Bendele, 29 Va.App. at 399, 512 S.E.2d at 829 (“Cases that *142 have applied Code § 8.01-288 involved process received by means other than service.”).
Furthermore, Muse’s contention that its actions constituted “process” under the definition of that term in Code § 8.01-285 is likewise unpersuasive. Code § 8.01-285 states, in relevant part: “For the purposes of this chapter: (1) The term ‘process’ shall be deemed to include notice.... ” However, as this Court has already noted regarding this statute, “if process includes notice, it does not follow that any notice must constitute process. If a procedure requires that a party receive process, informal notice will not necessarily meet the requirement for process.” Bendele ex rel. Bendele, 29 Va.App. at 400, 512 S.E.2d at 829. As we explained in detail above, the language of Rule 2A:4(a), when read together with Parts Two-A and Three of the Rules of the Supreme Court as a consistent whole, plainly prescribes that the agency secretary must be provided with formal process issued by a court, just as is required with the commencement of any other type of civil action. Notice of such formal court-issued process may satisfy the requirements of Rule 2A:4(a), even though the process was not properly served, see Avery, 262 Va. at 542-43, 551 S.E.2d at 614-15, but “notice” that does not include notice of process actually issued by a court is simply not sufficient to satisfy the requirements of Rule 2A:4(a).
Muse contends that Rule 1:12 applies to the facts of this case, but this argument is also unpersuasive. Rule 1:12 is entitled, “Service of Papers after the Initial Process,” and it provides, in relevant part:
All pleadings, motions and other papers not required to be served otherwise and requests for subpoenas duces tecum shall be served by delivering, dispatching by commercial delivery service, transmitting by facsimile, delivering by electronic mail when Rule 1:17 so provides or when consented to in writing signed by the person to be served, or by mailing, a copy to each counsel of record on or before the day of filing.
*143 The provisions of this Rule are inapplicable to the proceedings in this case because Rule 2A:4(a) plainly requires a petition for appeal “to be served otherwise,” viz., “as in a civil action” in accordance with Rules 3:2, 3:3, and 3:4, which are the Rules regarding the commencement of civil actions and the accompanying issuance of a summons by a court and service of initial process. Furthermore, the title of Rule 1:12 demonstrates the Supreme Court’s intent that the Rule’s provisions apply only after initial process has been served. Cf. Hawkins v. Commonwealth, 255 Va. 261, 269, 497 S.E.2d 839, 842 (1998) (“A title may be read in an attempt to ascertain an act’s purpose, though it is no part of the act itself.”). Indeed, the Supreme Court has already recognized that Rule 1:12 “authoriz[es] service of papers after initial process through a ‘commercial delivery service.’ ” Avery, 262 Va. at 542 n. 2, 551 S.E.2d at 614 n. 2 (emphasis in original). Thus, Rule 1:12 simply does not apply to the service of the initial process required to commence a judicial review of an administrative agency’s decision.
We conclude by noting that administrative agencies are not part of the judicial branch of our system of government. See Va. Const, art. Ill, § 1 (providing that the General Assembly may create administrative agencies and prescribe their authority and duties); Code § 54.1-107 (providing that the Governor shall appoint the members of regulatory boards). Hence, any action taken by an administrative agency is not a judicial action. When a petitioner brings a court action requesting judicial review of a particular agency’s conduct, the court of original jurisdiction is not reviewing a decision made in a judicial proceeding by an inferior judicial tribunal. This is why service of initial, court-issued process in such a case is appropriate and indeed necessary. We base our holding on the plain language of the statutory scheme of the VAPA and the Rules of the Supreme Court. However, we also note that our interpretation of Rule 2A:4(a) makes perfect sense, given the nature of the proceeding that is being instituted when a petitioner challenges an agency action in court, pursuant to Code § 2.2-4026. A court action to review the conduct of an *144 administrative agency should be instituted with the same type of service of process as is required with the initiation of any other civil action, just as Rule 2A:4(a) plainly indicates.
III. CONCLUSION
For the foregoing reasons, we conclude that Rule 2A:4(a) requires service of process in the same manner as is required with the commencement of any other civil action. Therefore, we affirm the judgment of the trial court.[10]

Affirmed.

. By granting the petition for rehearing en banc, we vacated the previous panel decision. See Logan v. Commonwealth, 47 Va.App. 168, 170, 622 S.E.2d 771, 772 (2005) (en banc).

. The secretary of the Board received a copy of Muse's petition on November 12, 2010.

. We note that we have only a written statement of facts in this case and no transcript of any hearings in the trial court. Thus, we have only Muse’s memorandum in opposition to the Board's motion to dismiss to indicate what arguments Muse preserved in the trial court below.

. It is true that Part Two-A of the Rules of the Supreme Court uses the term “appeal" to refer to these statutorily authorized judicial review actions. However, the word "appeal" simply means "[a] proceeding undertaken to have a decision reconsidered by a higher authority; esp., the submission of a lower court's or agency’s decision to a higher court for review and possible reversal." Black’s Law Dictionary 112 (9th ed.2009). The use of the word "appeal” in no way implies that an administrative agency’s decision is a judicial proceeding, or that the judicial review action is an appeal from a lower judicial tribunal. Rather, the use of the term "appeal” is perfectly consistent with the fact that the judicial review action is in fact the institution of a new judicial proceeding and should be treated as such for purposes of initial service of process.

. The fact that a trial court gives deference to an agency’s findings of fact, Code § 2.2-4027, does not negate the fact that the trial court is functioning as a court of original jurisdiction, since it is not hearing an appeal from a lower judicial tribunal, but is rather reviewing the action of another branch of government.

. Indeed, in analyzing the language of what is now codified at Code § 2.2-4026, this Court has previously explained that this statute constitutes a waiver of sovereign immunity, such that "a party [may] obtain judicial review of [an agency’s] adoption of rules or [an agency's] case decisions, as such are defined in the VAPA." Va. Bd. of Med. v. Va. Physical Therapy Ass’n, 13 Va.App. 458, 466, 413 S.E.2d 59, 64 (1991). If Code § 2.2-4026 is a waiver of sovereign immunity permitting suit against an agency of the Commonwealth in a judicial court, see id. at 465-66, 413 S.E.2d at 63-64, such a review action, or suit against an agency, cannot be the continuation of a prior judicial proceeding. It is the very fact that it is a newly instituted judicial proceeding that makes waiver of the Commonwealth’s sovereign immunity necessary at precisely that point.

. Muse suggests that we treat a court action seeking judicial review of an agency case decision differently than we might treat a court action to review an agency regulation. Muse suggests that different service requirements might be appropriate for these two types of review actions based on its assertion that judicial review of an agency case decision constitutes "an ongoing case,” whereas judicial review of an agency regulation is a new proceeding. However, given that such a distinction is nowhere supported or implied by either the statutory scheme or the Rules of the Supreme Court, we believe it would constitute an arbitrary and unwarranted bifurcation for this Court to declare that there are different rules for service of process depending on what type of agency action is being challenged in a court for the first time.

. Code § 8.01-293(A) authorizes the following persons to serve process: (1) the sheriff; (2) "[a]ny person of age 18 years or older and who is not a party or otherwise interested in the subject matter in controversy”; or (3) a "private process server,” which is defined as "any person 18 years of age or older and who is not a party or otherwise interested in the subject matter in controversy, and who charges a fee for service of process.”

. We do not consider whether Muse's later service of process on the Board's secretary was sufficient either to comply with Rule 2A:4(a) or to satisfy the curative provisions of Code § 8.01-288. Muse never made such an argument to the trial court, and Muse's counsel conceded at oral argument before this Court that the only issue in this case is whether the original mailing of a copy of Muse's petition for appeal constituted appropriate service. Moreover, we note that it appears Muse did not pay the fees for having formal process issued and served until after the 30-day deadline, thus failing to comply with Rule 2A:4(a)’s requirement that within the 30-day period for filing a petition for appeal, a party must pay all fees and take all appropriate steps to cause a copy of its petition to be served on the agency secretary.

. We note that Muse did not argue below that the alleged error was not jurisdictional and thus that dismissal was an inappropriate disposition. The trial court's final order stated that Muse's "failure to comply with a mandatory Rule ... prevented the trial court] from acquiring active jurisdiction over the appeal and subjected] the appeal to dismissal.” The record before us contains no argument by Muse articulating any type of challenge to this aspect of the trial court’s ruling. See Rule 5A:18. Moreover, Muse has not argued to this Court that if there was any error under Rule 2A:4(a), it was not jurisdictional. We generally will not consider arguments that are not properly briefed to us. See Rule 5A:20(e). Thus, we express no opinion as to whether dismissal was an appropriate disposition in this case.