COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Malveaux and Senior Judge Clements
Argued by videoconference

PUBLISHED

SARAH ELLIS PEED

v.      Record No. 0767-20-4

OPINION BY
JUDGE MARY BENNETT MALVEAUX
JANUARY 12, 2021

VIRGINIA DEPARTMENT OF TRANSPORTATION
 AND WASHINGTON GAS LIGHT COMPANY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Thomas P. Mann, Judge

Isak Howell (Howell Law Office, on briefs), for appellant.

E. Scott Moore, Assistant Attorney General (Mark R. Herring,
Attorney General; Donald D. Anderson, Deputy Attorney General;
Julie M. Whitlock, Senior Assistant Attorney General/Section Chief,
on brief), for appellee Virginia Department of Transportation.

Michael S. Dingman (Shane M. Murphy; S. Miles Dumville;
Douglas Pittman; Reed Smith LLP, on brief), for appellee
Washington Gas Light Company.

Sarah Ellis Peed ("appellant") appeals an order of the Fairfax Circuit Court ("circuit court")

granting the Virginia Department of Transportation's ("VDOT") motion to dismiss and sustaining

the Washington Gas Light Company's ("WGL") demurrer on the basis that she lacked standing to

appeal. Appellant argues that the circuit court erred in granting the motions because she was a party

to and was aggrieved by VDOT's case decision. For the following reasons, we affirm the decision

of the circuit court.

# I. BACKGROUND

On January 20, 2020, appellant filed a petition for appeal in the circuit court in reference to VDOT's approval of WGL's application for a land use permit.[1]  In her petition, appellant alleged the following:

> On January 2, 2019, WGL submitted an application to VDOT for a land use permit to place a large transmission pipeline through the Pimmit Hills neighborhood.  Initial paperwork describes the proposed pipeline as the last phase (6) of their Tysons Strip 1 24" Gas Pipeline Replacement Project. . . .  Phases 1-5 of the Tysons Strip 1 project diverts the project away from Route 7, under which lies the current pipeline, onto other roadways, bringing the pipeline to Magarity Road at the intersection of Peabody Drive (i.e., in front of the Pimmit Hills neighborhood). . . .  Rather than continue the pipeline down Magarity Road to Route 7, WGL proposes to zig-zag the pipeline through the Pimmit Hills residential neighborhood from Peabody Drive onto Fisher Drive, to Cherri Drive, to Leonard Drive, to Cherri Drive, to Griffith Road, to Pimmit Drive, and then to Route 7.  All of these roads are residential streets with single family homes on both sides of the road.

Appellant alleged that because of heavy construction and flooding risks in the area, as well as the availability of a better alternative along Route 7, "Pimmit Hills residents and their political representatives have voiced strong opposition to the placement of the pipeline in the Pimmit Hills neighborhood."  Appellant stated that the Pimmit Hills Citizens' Association ("PHCA") held a meeting on October 9, 2018 to discuss the pipeline and voted "nearly unanimously" in opposition to the pipeline.  In May 2019, the PHCA adopted a formal resolution opposing placement of the pipeline through Pimmit Hills.  Appellant further stated that in an October 3, 2018 community meeting, WGL told community members that it had not completed a study of the Route 7 option.

---

[1] VDOT regulations provide that the agency may issue land use permits which "set[] the conditions under which VDOT allows its right-of-way to be used or changed."  24 VAC 30-151-10.

Appellant further alleged that on March 12, 2019, a deputy district administrator for VDOT denied WGL's permit application, stating that VDOT supported the placement of the pipeline along the Route 7 corridor. WGL appealed this decision on April 10, 2019. On July 25, 2019, the Northern Virginia district administrator for VDOT denied the permit request and advised WGL to coordinate the pipeline installation with the planned Route 7 widening and place the pipeline along the Route 7 route. WGL appealed this denial on August 22, 2019. On October 21, 2019, the VDOT permit manager for Arlington and Fairfax Counties issued a letter to WGL informing them that VDOT rescinded its existing denials of the permit's proposed route and instead denied the permit application because it lacked a professional engineer's signature. On November 5, 2019, after WGL submitted a new permit application with the required signature, VDOT granted the land use permit for the Pimmit Hills route. Appellant alleged that "[n]o justification or explanation was provided for VDOT's reversal, and there was no opportunity for community input regarding the new, signed permit application." She claimed that VDOT's decision in approving the permit "was unlawful, arbitrary, and in contravention of the public trust."

Regarding her participation in the permit proceedings, appellant alleged that she was "a homeowner and resident within the Pimmit Hills neighborhood of Fairfax County," as well as "a member of the . . . PHCA and the PHCA Pipeline Committee." She further alleged that her property was "directly [located] on the pipeline route proposed by WGL." Appellant asserted that she had standing to appeal because she was "a person aggrieved and affected by the proposed installation of a high-pressure pipeline directly in front of her property and home,

which w[ould] pose a risk to her and her family's life and health and diminish her property value."[2]

VDOT filed a plea in bar and motion to dismiss, and WGL filed a demurrer in response to appellant's petition for appeal. Both appellees asserted that appellant was not a "party aggrieved" by VDOT's decision and therefore lacked standing to pursue her appeal.

On May 27, 2020, appellant filed a response to VDOT and WGL's defensive pleadings. Appellant argued that she had standing as an "unnamed party" to the permit proceedings due to VDOT's actions in "consistently treat[ing] her and other members of the [PHCA] Pipeline Committee as parties to the case decision by inviting, considering, and relying on their written comments throughout the permitting process." Appellant further argued that she was "aggrieved" by the issuance of the permit because construction of the pipeline would temporarily deny her ingress and egress and that the placement of the proposed pipeline in close proximity to her home would risk her family's health and safety and that these considerations were burdens and risks not shared by the general public.

On June 5, 2020 the circuit court held a hearing on VDOT's motion to dismiss and WGL's demurrer. After hearing the parties' arguments, the circuit court concluded that "[u]nder the [V]APA and the Supreme Court Rules, [appellant] is not a party to the underlying case decision." The court further stated that "even assuming that [appellant] was a party, she is not aggrieved under the case law as the [c]ourt reads it."

---

[2] Appellant later filed a motion for leave to amend petition. In her motion, appellant "request[ed] leave to amend her Petition for Appeal in order to clarify the factual basis for her standing and to properly characterize her participation in the permitting process." In the amended petition, appellant added further allegations regarding VDOT's solicitation of comments and the PHCA's submission of written comments regarding the land use permit. Appellant also filed letters to and from VDOT and the PHCA as attachments to her amended petition. However, appellant did not notice a hearing on her request to amend her petition. During the hearing before the circuit court, the court stated that "it was working off the petition for appeal. That's all I can do. . . . I am here on the underlying and original petition for appeal."

The circuit court subsequently entered orders granting VDOT's motion to dismiss and sustaining WGL's demurrer.  This appeal followed.

## II.  ANALYSIS

On appeal, appellant argues that the circuit court erred in granting VDOT's motion to dismiss and sustaining WGL's demurrer because she had standing to appeal VDOT's land use permit approval as a party aggrieved under the provisions of the Virginia Administrative Process Act ("VAPA").

Whether a party has established standing is a matter of law reviewed *de novo*.  Va. Marine Res. Comm'n v. Clark, 281 Va. 679, 686-87 (2011), overruled in part on other grounds by Woolford v. Va. Dep't of Tax'n, 294 Va. 377, 390 n.4 (2017).  "On a motion to dismiss an administrative appeal based on standing, where . . . the circuit court has not taken any evidence on the allegations contained in the petition, 'we treat the factual allegations in the petition as we do on review of a demurrer.'"  Reston Hosp. Ctr., LLC. v. Remley, 59 Va. App. 96, 109 (2011) (quoting Clark, 281 Va. at 686).  "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof."  Id. (quoting Glazebrook v. Bd. of Supervisors, 266 Va. 550, 554 (2003)).  Accordingly, "[w]e accept as true all facts properly pleaded in the [petition for appeal] and all reasonable and fair inferences that may be drawn from those facts."  Id. (alterations in original) (quoting Glazebrook, 266 Va. at 554).  However, "[i]t is incumbent upon the appellant to plead facts sufficient to demonstrate standing."  Id. at 110.

"As a general proposition, the [VAPA] governs the appeals process for administrative decisions, unless the agency's basic law provides otherwise."  Health Sys. Agency of N. Va., Inc. v. Stroube, 47 Va. App. 299, 308 (2005).[3]  Because the statutes governing VDOT are silent

---

[3] "'Basic law' or 'basic laws' means provisions of the Constitution and statutes of the Commonwealth authorizing an agency to make regulations or decide cases or containing procedural requirements therefor."  Code § 2.2-4001.

regarding procedures for judicial review of VDOT's case decisions,[4] we look to the VAPA. See

Code §§ 33.2-257.1 to 33.2-280.1 (providing no specific procedure for judicial review to the

circuit court in the statutes pertaining to VDOT).

The VAPA provides, in pertinent part, that

> [a]ny person affected by and claiming the unlawfulness of any
> regulation or party aggrieved by and claiming unlawfulness of a
> case decision . . . shall have a right to the direct review thereof by
> an appropriate and timely court action against the agency or its
> officers or agents in the manner provided by the Rules of Supreme
> Court of Virginia.

Code § 2.2-4026(A).[5]  "It is clear that, under Code § 2.2-4026, two things must be true for a

person to appeal a case decision:  the person must be a party to the administrative proceeding

from which the case decision arises, and the person must be 'aggrieved.'"  Remley, 59 Va. App.

at 108.

Further, it is also clear from Code § 2.2-4026(A) that an appeal of a case decision under

the VAPA will be "in the manner provided by the Rules of the Supreme Court of Virginia."

"Such appeals brought under the [VAPA] are governed by Part 2A of the Rules of [the Supreme

Court of Virginia]."  State Water Control Bd. v. Crutchfield, 265 Va. 416, 423 (2003); see also

Rule 2A:1.  To obtain judicial review of an agency decision, Rule 2A:2(a) requires that "[a]ny

*party* appealing from a regulation or case decision shall file with the agency secretary, within 30

days . . . of the final order in the case decision, a notice of appeal."  (Emphasis added).  Rule

2A:1(c) defines a "party" as follows:

---

[4] VDOT's decision to approve WGL's application for a land use permit constituted a case decision under the VAPA.  See Code § 2.2-4001 (defining "case decision" as "any agency proceeding or determination that, under laws or regulations at the time, a named party . . . is not, or may or may not be . . . in compliance with any existing requirement for obtaining or retaining a license or other right or benefit").

[5] Appellant's appeal is limited to her challenge of VDOT's case decision regarding the land use permit; she does not assert that any VDOT regulation is unlawful.

> The term "party" means any person affected by and claiming the unlawfulness of a regulation, or a party aggrieved who asserts a case decision is unlawful or any other affected person or aggrieved person who appeared in person or by counsel at a hearing, as defined in [Code] § 2.2-4001, with respect to the regulation or case decision as well as the agency itself. Whenever a case decision disposes of an application for a license, permit or other benefit, the applicant, licensee or permittee shall be a necessary party to any proceeding under this part.

The above-cited provisions establish that under the VAPA, any "party aggrieved" may appeal an agency case decision. Code § 2.2-4026(A). In addition, as further explained by Rule 2A:1(c), a "party" with the ability to appeal a case decision includes "a party aggrieved who asserts a case decision is unlawful" and "any other affected person or aggrieved person who appeared in person or by counsel at a hearing . . . with respect to the . . . case decision."

Appellant argues that she was "a party aggrieved" and therefore had standing to appeal VDOT's case decision. Because we find the question of whether appellant was a party to the case decision dispositive, we address this issue first.[6]

Appellant asserts that she was a party to the land use permit proceeding because she was a member of the PHCA. She alleges that VDOT requested comments from this organization and that the PHCA submitted the requested comments to VDOT in regard to the proposed land use permit. Therefore, appellant argues, her participation in the commenting process made her a party to the administrative proceeding and provided her with standing to appeal VDOT's case decision.

---

[6] VDOT argues that appellant failed to allege how she was aggrieved by the issuance of the land use permit because the permit only provided permission to disturb the right-of-way and control traffic. VDOT notes that appellant asserted concerns with WGL's proposed natural gas pipeline, but the ability to regulate utilities, such as a natural gas pipeline, is not within VDOT's purview. Because we conclude that appellant was not a party to the case decision, it is not necessary for us to reach the question of whether appellant was truly aggrieved by VDOT's approval of the land use permit.

We reject appellant's argument based on our review of the structure and plain language of the VAPA and Rule 2A:1(c). "In construing the language of rules and statutes, 'we must give effect to the [drafters'] intention[s] as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.'" Muse Const. Grp., Inc. v. Commonwealth Bd. for Contractors, 61 Va. App. 125, 130-31 (2012) (*en banc*) (alterations in original) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007)). "Thus, the Rules are applied according to their plain language." Browning v. Browning, 68 Va. App. 19, 25 (2017). In interpreting a statute, we also "apply [its] plain language . . . unless the terms are ambiguous, or applying the plain language would lead to an absurd result." Boynton v. Kilgore, 271 Va. 220, 227 (2006) (citation omitted).

First, a review of Code § 2.2-4026(A) and Rule 2A:1(c) shows that each uses the terms "party" and "person" separately. Code § 2.2-4026(A) provides that a case decision may be appealed by a "party aggrieved," while a regulation may be appealed by "[a]ny person affected by and claiming the unlawfulness" of that regulation. Rule 2A:1(c) provides that an agency's case decision may be appealed by "a party aggrieved," or "any other affected person or aggrieved person" who appeared at a formal hearing. The structure of the statute and rule makes clear that a "party" is different than a "person," as the specific terms are used separately in each. See Klarfeld v. Salsbury, 233 Va. 277, 284-85 (1987) ("When the General Assembly uses two different terms in the same act, it is presumed to mean two different things." (quoting Forst v. Rockingham Poultry Mktg. Coop., Inc., 222 Va. 270, 278 (1981))). The use of the terms "person affected" and "affected person" in Code § 2.2-4026(A) and Rule 2A:1(c), respectively, leads to the conclusion that there is a larger, broader category of persons who may appeal to the circuit court when a regulation is at issue or when that person has appeared at a formal hearing, as

opposed to when a case decision issues without a formal hearing, where appeals are limited to parties.

Second, in seeking guidance on the plain meaning of the language of Code § 2.2-4026(A) and Rule 2A:1(c), we look to the dictionary definition of the word "party." Where a "statute's terms are undefined" by the legislature, we give those terms "their 'ordinary meaning,' in light of 'the context in which [they are] used.'" Va. Marine Res. Comm'n v. Chincoteague Inn, 287 Va. 371, 384 (2014) (alteration in original) (quoting Lawlor v. Commonwealth, 285 Va. 187, 237 (2013)). In ascertaining such meaning, dictionary definitions may be consulted. See, e.g., Sch. Bd. of the City of Norfolk v. Wescott, 254 Va. 218, 224 (1997) (relying upon a legal dictionary definition to define "arbitrary and capricious"). Black's Law Dictionary defines a "party" as "[s]omeone who takes part in a transaction" or "[o]ne by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment." Party, Black's Law Dictionary (11th ed. 2019). Under the second, more relevant, definition, it becomes clear that the facts alleged by appellant in her petition did not establish that she was a party to the land use permit approval proceeding. Appellant did not bring a lawsuit against anyone, nor did anyone sue her. Further, while she might qualify as someone "directly interested" in the land use permitting process, she had no right under the VDOT statutes or regulations to control the proceedings, make a defense, or appeal VDOT's decision within the agency. There are no provisions in the VDOT regulations allowing for the public to intervene in the land use permit application process or for public hearings on potential land use permits. In addition, VDOT regulations provide that only an applicant or permittee can appeal VDOT's decisions regarding land use permit applications before the agency. See 24 VAC 30-151-100.

Here, appellant bases her alleged "party" status on the allegation in her petition that, as a member of the PHCA, she provided comments to VDOT and VDOT considered these comments. However, we conclude, based on the plain meaning of the word "party," that making comments to an administrative agency does not transform an interested member of the public into a party. While VDOT solicited and considered comments from the PHCA in regard to the proposed land use permit, these actions did not amount to providing the neighborhood committee with any actual or formal control over the direction of the permitting proceeding. In this case, there were only two actual parties who had the ability to control the proceedings, make a defense, or appeal—WGL, the permit applicant, and VDOT, the administrative agency with the authority to approve the permit application.

However, appellant argues that despite the clear language of the VAPA and Rule 2A:1(c), she had standing to appeal VDOT's case decision as an "unnamed party" to that decision. Appellant's argument that she was an "unnamed party" is based on language from a decision of this Court, The Laurels of Bon Air, LLC v. Med. Facilities of America LIV Ltd. P'ship, 51 Va. App. 583 (2008). In Laurels of Bon Air, appellants were five nursing homes that claimed that the Virginia Department of Health ("VDH") should not have granted a request by a competitor to relocate hospital beds from one of its facilities to two others. Id. at 588. Two of the appellant nursing homes wrote letters to VDH requesting an informal fact-finding conference. Id. at 589. VDH refused to conduct a conference, asserting that a recently enacted statute exempted the relocation request from the normal process governing certificates of public need. Id. All of the appellants responded by filing petitions with VDH seeking "good cause" standing[7] to participate in administrative hearings. Id. VDH denied that request on the ground

_____

[7] The statutes regarding certificates of public need for medical projects permit individuals to seek "good cause" standing to intervene in the proceeding and request an informal fact-finding conference under the VAPA. See Code § 32.1-102.6(D).

- 10 -

that the new statute exempted qualifying relocation requests from the administrative process and, by doing so, precluded nonparties from obtaining standing to participate in VDH's more abbreviated process. Id. Claiming to be "aggrieved parties" from the agency case decision, appellants filed petitions for appeal to the circuit court. Id. at 589-90.

This Court upheld the circuit court's dismissal of appellants' VAPA appeal on the basis that the appellants lacked standing. Id. at 596-97. In making its determination, our Court noted that

> [a] party who is not "named," but a party nonetheless, can appeal to circuit court if he is genuinely "aggrieved" by the case decision, see Code § 2.2-4026, or qualifies as a "necessary party" essential to the resolution of the appeal, Browning–Ferris Ind. v. Residents Involved, 254 Va. 278, 282 (1997), or is otherwise deemed a party under Rule 2A:1.

Id. at 591.

Appellant argues that this language supports her theory that she was an "unnamed party" to the land use permitting decision. However, in Laurels of Bon Air, our Court specifically noted that an "unnamed party" must be "a party nonetheless." Id. Here, we have already concluded that appellant is not a party based upon the structure of Code § 2.2-4026 and Rule 2A:1(c) and the plain meaning of the word "party." Because appellant was not "a party nonetheless," the "party who is not 'named'" language of Laurels of Bon Air does not lend support to her conclusion that she was a party to the land use permit proceeding.

To the contrary, a further reading of Laurels of Bon Air supports our determination that appellant had no standing to appeal VDOT's decision. As appellant was not a party to the case decision, she could only be considered a nonparty to that action. Laurels of Bon Air makes clear that "[n]onparties . . . cannot appeal a case decision to the circuit court under [the] VAPA. They can appeal, however, the agency's decision to *exclude* them from participating in the administrative process . . . ." Id. In Laurels of Bon Air, this Court determined that appellants

- 11 -

had the ability to appeal the question of whether VDH properly refused to recognize their standing to intervene under a provision of the certificate of public need statutes that allows for "good cause" standing to participate in the administrative hearings. Id. Here, the statutes governing VDOT contain no provision for "good cause standing," and consequently appellant appealed only VDOT's case decision to the circuit court. Because appellant is a nonparty, the VAPA provides her with no method to appeal this case decision.

Even while accepting as true all facts alleged in appellant's petition and all reasonable and fair inferences that may be drawn from them, appellant has not alleged sufficient facts in her original petition to establish that she had standing to appeal the land use permit approval. We hold, based upon the structure and plain meaning of Code § 2.2-4026 and Rule 2A:1(c), that, in this case, participating in public comments on a permit application did not establish that appellant was a "party" to the administrative agency's case decision. Therefore, we conclude that the circuit court did not err in granting the motion to dismiss and sustaining the demurrer on the basis that appellant lacked standing to appeal VDOT's case decision regarding WGL's land use permit application.

III. CONCLUSION

For the reasons set forth above, we affirm the decision of the circuit court granting VDOT's motion to dismiss and sustaining WGL's demurrer.

Affirmed.