COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


ANDRE WASHINGTON

                                                               OPINION BY
v.        Record No. 0870-19-2                   JUDGE MARY BENNETT MALVEAUX
                                                             DECEMBER 10, 2019
CAROLINE COUNTY DEPARTMENT
 OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF CAROLINE COUNTY
                                 Sarah L. Deneke, Judge

              Miriam Airington-Fisher (Airington, Stone & Rockecharlie, PLLC,
              on briefs), for appellant.

              Jennifer C. Williamson, Senior Assistant Attorney General (Mark R.
              Herring, Attorney General; Cynthia V. Bailey, Deputy Attorney
              General; Kim F. Piner, Senior Assistant Attorney General/Section
              Chief, on brief), for appellee.


        Andre Washington ("appellant") appeals an order of the Caroline County Circuit Court

("circuit court") that sustained the Virginia Department of Social Services' ("VDSS")[1] plea in bar

by special appearance and dismissed his petition for appeal for lack of jurisdiction.  On appeal, he

argues that the circuit court erred in ruling that his failure to comply with the service provisions of

Rule 2A:4(a) divested the court of jurisdiction and in sustaining the plea in bar on that ground.  For

the following reasons, we affirm.

_____

        [1] Appellant names the Caroline County Department of Social Services as appellee in this
matter.  VDSS correctly notes that it is the proper party.  See Code § 63.2-1526(B) (requiring the
VDSS Commissioner to "designate and authorize one or more members of his staff to conduct
[administrative] hearings").  However, VDSS defended the matter in the circuit court and does so
on appeal, and, on brief, states that appellant has sufficiently identified the agency decision as
that from which he appeals.  See Christian v. Va. Dep't of Social Servs., 45 Va. App. 310, 312
(2005) (holding that appellant had sufficiently identified VDSS as a party in his petition for
appeal to the circuit court despite his failure to name VDSS as a party).

I. BACKGROUND

In April 2017, after receiving and investigating a complaint that appellant had physically abused his daughter, the Caroline County Department of Social Services entered a disposition of "Founded—Physical Abuse."  Pursuant to Code § 63.2-1526(A), appellant appealed this disposition, which was sustained at a local conference appeal hearing.  Appellant then appealed to VDSS, which sustained the disposition on March 27, 2018.

On April 17, 2018, VDSS received correspondence from appellant in which he requested to appeal VDSS's decision.  Appellant's letter did not indicate that he had also sent a copy to his counsel or had made his counsel aware of the correspondence.

On April 19, 2018, counsel for appellant filed a notice of appeal with VDSS.

On May 21, 2018, counsel for appellant filed a petition for appeal in the circuit court, a copy of which had been mailed to VDSS.[2]  Along with the petition, counsel for appellant included a cover letter to the court that stated, "Enclosed please find a Petition for Appeal regarding the above-referenced case along with a check for the filing fee in the amount of $84.00."  Appellant did not enclose paper copies of his petition in order for the circuit court clerk to prepare a summons and issue process, and he did not pay the fees for service or request service.

On October 16, 2018, the petition for appeal was served on Dr. Daniel Carey, Virginia's Secretary of Health and Human Resources.[3]  The proof of service indicates that the summons

---

[2] While the petition lists the "Caroline Department of Social Services" as appellee, the petition's "Certificate of Service" indicates that it was mailed to the "Appeals and Fair Hearings Unit" of VDSS.

[3] Dr. Carey is a member of the Governor's cabinet, see Code § 2.2-212, and is not a named party to this action.

was issued on August 22, 2018. There is no indication in the record that VDSS itself was served with process.

On October 24, 2018, VDSS, by special appearance, filed a plea in bar asserting that the circuit court lacked jurisdiction to hear the appeal. VDSS argued that the circuit court lacked jurisdiction for two reasons: (1) appellant himself filed a notice of appeal on April 17, 2018, and because his petition for appeal was filed more than thirty days after that notice, his petition was untimely under Rule 2A:4(a); and (2) appellant failed to comply with Rule 2A:4(a)'s mandatory provisions for service on VDSS.

The circuit court heard argument on VDSS's plea in bar and then issued a letter opinion in which it granted VDSS's plea in bar and dismissed appellant's appeal for lack of jurisdiction. In its letter opinion, the court stated that

> Rule 2A:4(a) requires that within 30 days of the filing of notice of appeal that the appellant must file a brief, pay the fees and take all steps to cause the petition to be served on the agency secretary. That clearly was not done in this case as no service was ever requested or paid to the Clerk of Court, and service was not obtained by private process service until five to six months later.
>
> Because the requirements of Rule 2A:4 are found to be jurisdictional the [c]ourt need not determine the other issues on the case.

The circuit court subsequently issued an order reflecting this ruling. In its order, the court found that

> [appellant] failed within 30 days of filing a notice of appeal to comply with the mandatory and jurisdictional requirements of Rule 2A:4(a) of the Rules of Supreme Court of Virginia to take all steps provided in Rules 3:2, 3:3 and 3:4 of the Rules of Supreme Court of Virginia to cause a copy of the Petition for Appeal to be served on the agency secretary. Therefore, the [c]ourt is without jurisdiction and [appellant's] Petition for Appeal is barred.

This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that the circuit court erred in granting VDSS's plea in bar and in dismissing his appeal. He contends that the court acted erroneously due to its incorrect finding that Rule 2A:4's service provisions are jurisdictional.

We address appellant's argument by examining the manner in which an administrative agency's decision can be appealed. "[Sovereign immunity] is an established principle of sovereignty . . . that a sovereign State cannot be sued in its own courts . . . without its consent and permission." DiGiacinto v. Rector and Visitors of George Mason Univ., 281 Va. 127, 137 (2011) (alterations in original) (quoting Gray v. Va. Sec'y of Transp., 276 Va. 93, 101 (2008)). "As an agency of the Commonwealth, [VDSS] enjoys the privileges of sovereign immunity." Va. Bd. of Med. v. Va. Physical Therapy Ass'n, 13 Va. App. 458, 464 (1991). However, the Commonwealth may waive its sovereign immunity. Id. at 465. In doing so, "[t]he Commonwealth also may tailor its consent to be sued by prescribing certain modes, terms, and conditions" including limiting "the right to sue to certain specified causes, . . . and when it does so it can be sued only in the manner and upon the terms and conditions prescribed. Compliance with the conditions and restrictions set forth in the [relevant] statute is jurisdictional." Id. (first alteration in original) (quoting 72 Am. Jur. 2d States, Territories, and Dependencies § 124 (1974)). In Virginia, the Virginia Administrative Process Act ("VAPA") governs an agency's actions and judicial review thereof. See Code § 2.2-4000; see also Sch. Bd. of Cty. of York v. Nicely, 12 Va. App. 1051, 1058-59 (1991). Simply put, "the General Assembly has waived sovereign immunity only to allow a party to obtain judicial review of [an agency's] adoption of rules or [an agency's] case decisions, as such are defined in the VAPA, *in the manner provided in the VAPA*." Afzall v. Commonwealth, 273 Va. 226, 231 (2007) (quoting Va. Physical Therapy Ass'n, 13 Va. App. at 466). Here, the Commonwealth has waived its sovereign

immunity with respect to VDSS, an agency of the Commonwealth, and thus a party can obtain judicial review of VDSS's decisions; however, this review must be "*in the manner provided in the VAPA*." Id.

Such appeals brought under the VAPA are governed by Part Two A of the Rules of the Supreme Court. See Rule 2A:1 ("These rules . . . shall apply to the review of, by way of direct appeal from, . . . the decision of a case by an agency."). Pursuant to Rule 2A:4(a), a party has thirty days after the filing of a notice of appeal to file a petition for appeal with the circuit court and take all steps provided in Rules 3:2, 3:3 and 3:4 to cause a copy of the petition for appeal to be served on the agency secretary. The Rule does not include a provision permitting a circuit court to extend this time limitation.[4]

Because VDSS has waived its sovereign immunity to be sued and has tailored its consent to such suits by prescribing that they must be brought in the manner provided in the VAPA, we find that compliance with this requirement as set forth in the Rule is mandatory. See Mayo v. Dept. of Commerce, 4 Va. App. 520, 523 (1987) (holding that the provision in Rule 2A:4(a) requiring a party to file a petition for appeal in the circuit court within thirty days after the filing of the notice of appeal was mandatory and affirming the circuit court's dismissal of the appeal when the petition was untimely filed).

---

[4] Rule 2A:4(a) states in full as follows:

> Within 30 days after the filing of the notice of appeal, the appellant shall file a petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include within such 30–day period both the payment of all fees and the taking of all steps provided in Rule 3:2, 3:3 and 3:4 to cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on every other party. The petition may be filed electronically as provided under Rule 1:17.

Rule 2A:4(a)'s mandatory service requirements were not met in this case. Here, appellant timely filed a notice of appeal and petition for appeal as required by Rules 2A:2 and 2A:4(a).[5] Appellant then mailed a copy of his petition for appeal to VDSS[6]; however, there is no indication in the record that appellant requested formal service on VDSS within thirty days of filing the notice of appeal as required by Rule 2A:4(a).[7] In fact, at oral argument, counsel for appellant admitted, with admirable candor, that service of process upon the agency secretary was not requested within thirty days following the filing of his notice of appeal as required under the Rule.

Here, Rule 2A:4(a)'s mandatory service requirements were not met because appellant failed to take steps within thirty days of filing his notice of appeal to cause a copy of his petition for appeal to be served on the agency secretary. Because appellant failed to obtain judicial

---

[5] For purposes of this appeal, we assume without deciding that appellant's petition for appeal was timely filed and do not decide whether his correspondence with VDSS, in which he requested to appeal the decision prior to his counsel's filing of a notice of appeal, initiated the period during which the petition had to be filed.

[6] This Court has previously held that "the simple act of mailing to an agency a copy of a petition for appeal that has been filed with a court does not qualify as 'process.' . . . Process, at least for purposes of Rule 2A:4(a), must be an official notice issued by a court, not simply information being shared from another source." Muse Constr. Grp., Inc. v. Commonwealth Bd. for Contractors, 61 Va. App. 125, 140 (2012) (*en banc*) (citation omitted).

[7] Appellant did obtain service of process on Dr. Daniel Carey, Virginia's Secretary of Health and Human Resources, on October 16, 2018. However, we conclude that this service did not satisfy the requirements of the curative statute, Code § 8.01-288. Code § 8.01-288 states, in pertinent part, that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." However, Rule 2A:4(a) requires service "on the agency secretary and on every other party." Dr. Carey is not the agency secretary, nor is he a party to this action. Because appellant obtained service on the wrong person, Code § 8.01-288 does not cure the defective service in this case. See Muse, 61 Va. App. at 141 (noting that Code § 8.01-288 "applies in a situation where court-issued process has actually reached the agency secretary").

review of VDSS's decision in the manner provided in the VAPA, the circuit court did not err in

granting VDSS's plea in bar and dismissing the appeal.[8]

### III.  CONCLUSION

For the reasons set forth above, we affirm the decision of the circuit court.

Affirmed.

---

[8] In addition, to the extent to which our holding implicates a jurisdictional bar to the circuit court hearing this appeal, appellant argues that our Supreme Court has determined that the service of process provisions of Rule 2A:4(a) are not jurisdictional, citing to Virginia Retirement System v. Avery, 262 Va. 538 (2001).

We conclude that Avery does not control the instant matter because it was decided in 2001, prior to a 2010 amendment to Rule 2A:4.  That amendment added the language, "within such 30–day period both the payment of all fees and the taking of " and "for appeal" to the second sentence of the Rule.  Rule 2A:(4)(a)'s second sentence, as drafted at the time of Avery, read, "Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served . . . ."  Post-2010, the Rule provides, "Such filing shall include *within such 30–day period both the payment of all fees and the taking of all* steps provided in Rule 3:2, 3:3 and 3:4 to cause a copy of the petition *for appeal* to be served . . . ."  (Emphasis added).  While the Court in Avery concluded that Avery had perfected her appeal "by filing her notice of appeal and her petition for appeal within the times specified by Rules 2A:2 and 2A:4," Avery, 262 Va. at 542, Rule 2A:4(a) now requires that a party timely take the necessary steps for service of process.  Because Avery was decided under the pre-2010 Rule, we do not find that it is dispositive in our application of Rule 2A:4(a) as currently drafted.

We also reject appellant's argument that Avery is controlling for its jurisdictional holding because here we simply hold that appellant's failure to follow Rule 2A:4(a)'s mandatory requirement to take steps within thirty days of filing the notice of appeal to cause a copy of the petition for appeal to be served on the agency secretary warranted dismissal.  Avery itself specifically held that the failure to have process properly served did not divest the court of "subject matter jurisdiction."  Avery, 262 Va. at 542.  We agree, and we note here as well that the circuit court had subject matter jurisdiction over appellant's appeal.  However, "[s]ubject matter jurisdiction standing alone is . . . only the 'potential' jurisdiction of a court over the subject matter.  The court acquires the 'active' jurisdiction to adjudicate a matter only when certain additional elements are present."  Smith  v. Commonwealth, 281 Va. 464, 467 (2011).  "Some of the other elements governing the ability of a court to exercise its subject matter jurisdiction in a particular case are contained in the Rules of the Supreme Court of Virginia."  Id. at 467-68.  We conclude that in this case, the circuit court lacked *active* jurisdiction to adjudicate the appeal when appellant failed to comply with Rule 2A:4(a)'s mandatory service provisions.  Thus, our conclusion does not conflict with Avery's holding that defective service under Rule 2A:4(a) does not implicate subject matter jurisdiction.